JOHN W. CLARK, administrator, *vs.* HELEN P. MARTIN.

Hampshire. September 21, 1927. — October 14, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Negligence,* Motor vehicle, In use of highway, Of child, Of person in charge of child.

At the trial of an action against the driver of a motor vehicle for causing through negligence conscious suffering and the death of a boy four years and eight months of age, who was struck by the motor vehicle as, with many others and in charge of an older sister, he was crossing Main Street in Ware on a crosswalk leading from a moving picture theatre to a store, there was evidence that the boy and his sister stopped and looked

when part way across the street and saw no motor vehicle approaching; that the boy then let go his sister's hand, went forward and was struck by the defendant's motor vehicle, which was being driven at the rate of twenty-five miles per hour and, although brakes were applied, continued for twenty-five feet before it was stopped. *Held,* that

(1) The evidence warranted submitting to the jury the issue, whether the automobile was operated immediately preceding the collision at a rate of speed greater than was reasonable and proper, having regard to the traffic and the use of the way at the time of the accident;

(2) A finding that the boy was too young to be capable of taking care of himself was warranted;

(3) The sister in charge of the boy properly might have been found to have been at all times in the exercise of due care for her own and for the boy's safety;

(4) If the boy were found capable of exercising any care in the circumstances, the evidence required the submission to the jury of the question, whether he was guilty of contributory negligence.

TORT, under G. L. c. 229, § 5, for causing conscious suffering and the death of John W. Clark, Jr. Writ dated January 14, 1925.

In the Superior Court, the action was tried before *Lummus,* J. Material evidence and exceptions saved by the defendant are stated in the opinion. There was a verdict for the plaintiff in the sum of $1 on the count for conscious suffering, and in the sum of $4,349.33 on the count for causing death. The defendant alleged exceptions.

*D. D. O'Brien,* for the defendant.

*T. R. Hickey,* (*J. T. Storrs* with him,) for the plaintiff.

PIERCE, J. This is an action of tort under G. L. c. 229, § 5, brought by the administrator of the estate of John W. Clark, Jr., for causing the death of the plaintiff's intestate, who was killed when he collided with an automobile alleged to have been operated negligently by the defendant. There is a count for conscious suffering. The pleadings are made a part of the bill of exceptions and all the material evidence is contained in the bill. At the close of the evidence the defendant moved that upon all the evidence a verdict be directed in her favor. The motion was denied, the defendant excepted, and, after a verdict for the plaintiff, the case is before this court on the exception thus saved.

The material facts most favorable to the contention of the plaintiff, shown by the bill of exceptions, in substance are

as follows: The intestate, a child four years and eight months old, was permitted to go to a moving picture show at the casino on Main Street in the town of Ware. He was put in charge of his sister Marjorie, a child thirteen years of age who had completed the eighth grade in school. At the conclusion of the show the intestate, Marjorie, and a girl ten years of age, named May Rose Soucy, left the casino through an exit that opened on a driveway between the Mansion House block and the casino. Marjorie had some money given her by her mother to buy a cart for the intestate at the Five and Ten Cent Store.

Main Street runs substantially east and west. The casino is on the northerly side and the Five and Ten Cent store on the southerly side. About eighty feet easterly from the casino and driveway a crosswalk, eight feet wide, marked by white lines painted on the surface of the street, runs from the northerly curbing to the northerly rail of the Worcester Street Railway and from the southerly rail of the Palmer Street Railway to the southerly curbing. Walking easterly along the northerly sidewalk, the intestate, Marjorie, and the Soucy girl came to the crosswalk. An automobile, parked at right angles against the curbing and easterly of and close to the crosswalk, obstructed the view of foot travellers until in passing over the crosswalk southerly they should reach the end of the automobile. Marjorie, holding the left hand of the intestate "because her mother had told her to be careful," stepped from the curbing onto the crosswalk and walked southerly as far as the end or just beyond the automobile. At that point "she stopped and looked both ways but saw no automobile coming." The intestate "looked also," and "when he didn't see an automobile coming" he let go of her hand and "took about eight or nine running steps" to the middle of the crosswalk when extended between the rails of the Worcester Street Railway, the place of the accident. Immediately preceding Marjorie, the intestate and the Soucy girl, three girls passed over the crosswalk southerly; at the northerly rail of the Worcester Street Railway they looked and saw no automobile coming; the intestate, Marjorie and the Soucy girl were leaving the curbing at that

moment.  When these girls were about two steps from the southerly curbing they heard Marjorie scream; they looked back, and saw the intestate lying on the crosswalk and Marjorie and the Soucy girl standing on the northerly rail of the Worcester Street Railway tracks.

Many people came out of the casino with the intestate, Marjorie and the Soucy girl, and were crossing the street, some from the driveway and some at the crosswalk.  There were adults and "about a hundred children."  The automobile came from the east, was running twenty-five miles an hour when it turned southerly to avoid the intestate. It struck him with the fender, passed over him, and ran twenty-five feet before it stopped.  Tire marks on the pavement, due to application of the brakes, extended from a point about thirty-five feet easterly of the crosswalk in a southwesterly direction to the westerly line of the crosswalk.

We are of opinion the evidence warranted submitting to the jury the issue whether the automobile was operated immediately preceding the collision at a rate of speed greater than was reasonable and proper, having regard to the traffic and the use of the way at the time of the accident.  G. L. c. 90, § 17.

As respects the due care of the intestate, we are of opinion the evidence warranted a finding that he was too young to be capable of taking care of himself; and that the sister in her capacity as his custodian could properly be found to have been at all times in the exercise of due care for her own and for the intestate's safety.  If the intestate be found capable of exercising any care in the circumstances the evidence required the submission of his due care to the jury.  *McDonough* v. *Vozzela*, 247 Mass. 552, 555, 556.

*Exceptions overruled.*