# RESCRIPTS WITHOUT OPINIONS.

Pursuant to the requirements of G. L. (Ter. Ed.) c. 211, § 9, the Reporter publishes the following:

GEORGIA E. MANELL vs. S. S. KRESGE COMPANY. January 6, 1939. Exceptions overruled. The verdict for the defendant was directed rightly. The evidence did not warrant a finding of negligence on the part of the defendant, its officers, agents or servants. There was no error in the exclusion of evidence.

*T. B. Shea*, for the plaintiff.

*K. C. Parker*, for the defendant.

NATHAN KURHAN vs. JACOB GREEN. January 6, 1939. Exceptions dismissed because prematurely entered in the full court. This is one of eight cases which were tried together in the Superior Court and transmitted to the full court under a consolidated bill of exceptions of the defendants. After verdict for the plaintiff in each of the cases, there was filed by the plaintiff in each of the cases, except that of Daniel Basil vs. Jacob Green, motions for new trial on the ground that the damages awarded were inadequate, and a motion was also filed by the defendants, in each of the cases that a new trial be ordered because the verdicts were against the evidence and the weight of the evidence and against the law applicable to the cases. After hearing, the judge of the Superior Court granted the motions of the several plaintiffs and ordered a new trial in each case, except that of Daniel Basil vs. Jacob Green, limited to the matter of damages only, and denied the motions of the defendants. Since the entry of the cases in the full court, the defendants have waived their exceptions in all of the cases except that of Nathan Kurhan vs. Jacob Green. Inasmuch as a new trial has been ordered in that case, it is not properly before the full court because, standing alone, it was not ripe for entry therein, G. L. (Ter. Ed.) c. 231, § 135, and therefore the exceptions must be dismissed and the case remanded to the Superior Court.

*M. Caro*, for the plaintiff.

*Badger, Pratt, Doyle & Badger*, for the defendant.