.ROBERT DENNEHY *vs.* JORDAN MARSH COMPANY
(and a companion case [1]).

Suffolk. February 3, 1947. — February 27, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Agency,* Scope of authority or employment. *Negligence,* Crate, Store,
    Dangerous article, Trespasser, Contributory, Due care of child.

Employees of the proprietor of a department store were warrantably
    found to have been acting within the scope of their employment in
    furtherance of the proprietor's business when, upon delivering a crated
    refrigerator from the store to certain premises, they uncrated it and
    left the crate in the yard of the premises.
A child, who was rightfully using premises upon which was a crate which
    employees of the proprietor of a store had abandoned after uncrating
    a refrigerator delivered to a customer of the store, and who was in-
    jured by a protruding nail while playing in the crate, was not a tres-
    passer as to the proprietor of the store.
A finding of negligence on the part of the proprietor of a department
    store toward a child, who was injured by contact with a nail while
.   playing in a crate in the yard of the premises where he lived, was
    warranted by evidence that employees of the store, in delivering a
    refrigerator to the premises, had uncrated it and left the crate, with
    protruding nails, in the yard where they should have anticipated
    children would play in the crate and might be injured.
Evidence did not as matter of law require a finding of contributory neg-
    ligence on the part of a child, four years and five months of age and
    capable of exercising care for his own safety, who was injured by
    contact with a nail while playing in a crate left in the yard of the
    premises where he lived.

TWO ACTIONS OF TORT. Writs in the Superior Court
dated July 11, 1944.

---

[1] The companion case is by Cornelius Dennehy against the same de-
fendant.

The actions were tried before *Donahue*, J.

*T. H. Mahony*, (*J. P. Donnelly* with him,) for the defendant.

*John J. Sullivan*, for the plaintiffs.

RONAN, J. The first action of tort to recover damages is brought by a minor, hereinafter called the plaintiff, for an injury sustained to his eye by coming into contact with a nail while he was attempting to get out of a packing case or crate, in which he had been playing and which had been left in the yard of the premises where the plaintiff lived by employees of the defendant a few hours before when they removed a refrigerator from the crate and delivered the refrigerator to one of the tenants who also lived upon the premises. The second action is brought by the father of the plaintiff to recover consequential damages. The defendant excepted to the denial of its motions for directed verdicts.

The defendant contends that there was no evidence that it was under any obligation to a customer to uncrate the refrigerator and that, if its employees saw fit to remove the crate, they did so as gratuitous employees of the customer. The jury could properly infer that the defendant, a department store, does not ordinarily deliver household equipment by leaving it in the yard of the customer, and that it was the duty of the defendant to place it in the customer's apartment where it was intended to be used. They could also assume that the refrigerator would not be delivered unpacked, and that the crate in which it was encased would be removed by the defendant's employees in order that the refrigerator would be available for use by the customer. The removal of the crate out of doors and its disposal in the yard by the employees of the defendant were incidental to the delivery of the refrigerator. It could have been found that the placing of the crate in the yard was done in the course of their employment, in the furtherance of the defendant's business, and in the performance of the duties which were entrusted to them by the defendant, or, in other words, that the action of the employees came within the scope of their employment. *Hankinson* v. *Lynn Gas &*

*Electric Co.* 175 Mass. 271. *Grant* v. *Singer Manuf. Co.* 190 Mass. 489. *Robinson* v. *Doe,* 224 Mass. 319. *Denny* v. *Riverbank Court Hotel Co.* 282 Mass. 176. *Kees* v. *Wm. Filene's Sons Co.* 297 Mass. 142. *O'Brien* v. *Freeman,* 299 Mass. 20. *Schultz* v. *Purcell's, Inc.* 320 Mass. 579.

The leaving of the crate in the yard could be found to be negligent. The evidence was ample to support findings that the crate had been abandoned by the defendant's employees, and that in playing in it the plaintiff was not a trespasser. *Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340. Compare *Falardeau* v. *Malden & Melrose Gas Light Co.* 275 Mass. 196. If the employees of the defendant did not have actual knowledge that small children of the tenants used the yard as a playground, they took the risk that this might be so and should have reasonably anticipated that, if such use was in fact made of the yard by small children, they would use the crate as a plaything and might thereby be injured. The defendant cannot justly complain that if the children should meddle with this crate, which was five feet high and three feet in width and length with a side which could be swung open, exposing the nails from the three edges of the side where it had been detached from the framework of the crate, they might use this side as a door in entering or leaving the crate. That would be a natural consequence of leaving it where they could use it in play. It was not necessary that the defendant's employees should foresee that the particular injury sustained by the plaintiff would occur, because it was enough if they ought to have reasonably anticipated that harm to a child would be likely to occur by reason of the placing of the crate in the yard. *Hollidge* v. *Duncan,* 199 Mass. 121. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass. 501. *Texeira* v. *Sundquist,* 288 Mass. 93. *Newlin* v. *New England Telephone & Telegraph Co.* 316 Mass. 234. There was no evidence that the employees notified the owner of the premises or any tenant that they had abandoned the crate and had left it upon the premises. *Sample* v. *Melrose,* 312 Mass. 170. Compare *Marengo* v. *Roy,* 318 Mass. 719. A defendant may be found liable to one who has been injured while rightfully on the premises of another

where the premises have been rendered unsafe because of
the negligent manner in which goods were delivered there
by the defendant's employees. *French* v. *Boston Coal Co.*
195 Mass. 334. *Wakefield* v. *Boston Coal Co.* 197 Mass. 527.
*Gillis* v. *Cambridge Gas Light Co.* 202 Mass. 222. *Leahy* v.
*Standard Oil Co. of New York*, 224 Mass. 352. *McGinley* v.
*Edison Electric Illuminating Co. of Boston*, 248 Mass. 583.
*Sarna* v. *American Bosch Magneto Corp.* 290 Mass. 340.
*Almeida* v. *Socony-Vacuum Oil Co. Inc.* 314 Mass. 28.

The defendant contends that the plaintiff was guilty of
contributory negligence. There was evidence that the
woman to whom the refrigerator had been delivered learned
two hours after its delivery that the crate had been left in
the yard, and saw her daughter, aged four, and the plaintiff,
aged four years and five months, playing inside the crate.
She told them to get out and chased them to another part
of the yard. The plaintiff subsequently returned to the
crate, opened it, went inside, and was injured while attempt-
ing to get out. The defendant states in its brief that the
plaintiff was old enough to exercise care for his own safety
and that the case was tried upon this basis. We consider
the question in the manner in which it has been presented.
The negligence of the plaintiff was an affirmative defence to
be set up and proved by the defendant, G. L. (Ter. Ed.)
c. 231, § 85, and the burden was upon the defendant to prove
that the plaintiff failed to exercise the care of an ordinary
child of his age. The propensities of small children to be
attracted by the crate, which had recently been left in the
area in which they played, and their lack of appreciation of
any dangers that might attend their use of the crate must
be considered. While the plaintiff was "too young to have
much prudence," *McDonough* v. *Vozzela*, 247 Mass. 552, 556,
he might "have the capacity to exercise care for his own
safety in the familiar and lesser dangers of his own yard."
*Minsk* v. *Pitaro*, 284 Mass. 109, 113. We think the con-
tributory negligence of the plaintiff presented a question of
fact in accordance with our decisions where the conduct of
a child of similar age was involved. *Sullivan* v. *Boston
Elevated Railway*, 192 Mass. 37. *Ayers* v. *Ratshesky*, 213

Mass. 589. *McCoy* v. *Boston Elevated Railway*, 249 Mass.
12. *Clark* v. *Martin*, 261 Mass. 60. *Brennan* v. *Boston
Elevated Railway*, 261 Mass. 318. *Boni* v. *Goldstein*, 276
Mass. 372. *Capano* v. *Melchionno*, 297 Mass. 1, 7.

*Exceptions overruled.*