ANGELINA D. IMBIMBO & another *vs.* GUENTER AHRENS. September 30, 1971. In this action of tort in a District Court, there was a finding for Mrs. Imbimbo for personal injuries received in a motor vehicle collision on February 4, 1968. The judge, among other items, allowed her to recover for injury to her left breast, on the ground that although she felt well at that time except for "fluid in her legs" a cancer (warrantably found by him to have existed on February 4) was thereby aggravated. The Appellate Division remanded the case to the District Court for a new trial to determine the extent of the damages without consideration of the alleged traumatic aggravation of the cancer, which Mrs. Imbimbo first perceived in May, 1968. The case has been fully argued on the issue whether there was evidence warranting a finding of causal connection between the collision and a later radical operation to remove the breast. Accordingly, we deal with that issue (see *Wellesley College* v. *Attorney Gen.* 313 Mass. 722, 731) without requiring that the partial new trial be completed before review by this court. See *Rines* v. *Justices of the Superior Court*, 330 Mass. 368, 373. See also *Kurhan* v. *Green*, 302 Mass. 601; *Alves* v. *Picard*, 337 Mass. 77, 78–79. The matter of causal connection was an issue on which expert testimony was required. *Sevigny's Case*, 337 Mass. 747, 749. Even with such evidence, a mere mathematical likelihood of such connection is not sufficient. *King's Case*, 352 Mass. 488. The doctor who performed the operation would testify to no more than that "[t]rauma can or ['might'] aggravate the condition." A medical expert called by Ahrens gave as his opinion that there was no causal connection between the injury and the operation, although he conceded that "under certain conditions" trauma "might" aggravate an existing cancer. All this testimony amounted to no more than expert recognition of mere possibility of aggravation. *Green's Case*, 266 Mass. 355, 357. *Oberlander's Case*,

348 Mass. 1, 5–7. Cf. *DeFilippo's Case*, 284 Mass. 531, 534–535. This is not sufficient under our cases. If cases elsewhere permit recovery on proof of possibility alone, we do not follow them. See *Russo* v. *Wright Aeronautical Corp.* 1 N. J. 417, 421 ("probability" as in our decisions apparently the test). Cf. *Emma* v. *A. D. Juilliard & Co. Inc.* 75 R. I. 94, 98–99.

*Order of Appellate Division affirmed.*

*Elihu Pearlman (Antonio D. Fermano* with him) for the plaintiffs.
*Peter D. Cole (Owen R. Carrigan* with him) for the defendant.