SUSAN BROWN & another [1] vs. JOAN KNIGHT.

Essex. May 1, 1972. — July 18, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Negligence*, Person in charge of child, Picnic. *Proximate Cause.*

A finding that negligence on the part of the proprietor of a summer school was the proximate cause of injuries sustained by a paying pupil four years and seven months old when she was pushed by a playmate into a low, hot outdoor fireplace on municipal picnic grounds as the group was leaving for home was warranted by the evidence, including testimony by the defendant that her pupils indulged in "play," which included "shoving or jostling," that she "knew that an open fire on the ground . . . with forty or fifty children was a very dangerous and hazardous situation," and that she could have given the injured child "more protection" by standing nearer the fireplace. [352–353]

TORT. Writ in the Superior Court dated August 7, 1968.

The action was tried before *Bennett*, J.

*Frank P. Hurley* for the defendant.

*Edward R. Butterworth (Arthur J. Palleschi* with him) for the plaintiffs.

BRAUCHER, J. On July 14, 1967, the minor plaintiff, Susan Brown, went to a picnic conducted at a municipal picnic ground by the defendant as proprietor of a summer school. A playmate pushed Susan into a hot outdoor fireplace, and this is an action of tort for the resulting personal injuries and consequential damages. After jury verdicts for the plaintiffs, the defendant excepts to the denial of her motion for directed verdicts, arguing that the accident was unforeseeable, that the defendant did not violate any duty of care owed to Susan, and that the proximate cause of the injuries was the conduct of the playmate.

We summarize the evidence favorable to the plaintiffs.

---

[1] Her grandmother, Kathryn Vaters.

At the time of the accident Susan was four years and seven months old, a paying pupil at the defendant's school and entirely in the custody of the defendant and her assistants. The defendant had conducted a kindergarten since graduating from a teachers' college in 1955, had operated a day camp for six years, and was operating the summer school for the third summer. There were forty-three other pupils of the defendant at the picnic where, under the supervision of the defendant and her assistants, they cooked food on open fireplaces, played organized games, and had occasional "horseplay." Most of the pupils were much older than Susan, the usual age being seven to eight years old, with some as old as ten. Only four were four years old, including Susan and the playmate who pushed her. The defendant testified to the tendency of her pupils to "fool around" and "play," which included "shoving or jostling."

Of the three fireplaces used for cooking, two were largely enclosed by sides, had high grilles which "came up to the children's noses," and had fire areas above the ground. The defendant testified that it would have been hard for a child to fall into that type of fireplace. The third fireplace, the one involved in Susan's accident, was lower and smaller, consisting of an iron grille and a dirt base with the fire area on the ground. The defendant, upon arrival, had surrounded this fireplace with a double row of fieldstones. When asked whether "as a matter of fact you knew that an open fire on the ground in a situation like this with forty or fifty children was a very dangerous and hazardous situation," the defendant answered, "Yes."

At the moment of the accident the children were being assembled for the bus to carry them home. The fires in the two larger, higher fireplaces had been extinguished, but the defendant had left the one in the lower fireplace going to keep stew and hot chocolate available to any children who might want some on leaving. The way taken by the children from a play area to the assembling point led Susan and her playmate past this low fireplace.

The defendant saw these two leave the play area and start along this route, but was not watching them as they came to the fireplace. The playmate testified that the six children ahead of them were "pushing and fooling." As they passed the low fireplace, the playmate pushed Susan, causing her to fall into it and to be injured. The defendant testified that she was fifteen feet away from that fireplace when the accident occurred. She also testified, "I could have stood further over than I did," and answered "yes" to the question whether "that would have given her [Susan] a lot more protection."

Susan's age would warrant a jury in finding that she was too young to be capable of taking care of herself. *Clark* v. *Martin*, 261 Mass. 60, 63. *Sample* v. *Melrose*, 312 Mass. 170, 173–174. The jury would also be warranted in deciding that the "horseplay" which preceded the accident was conduct forseeable by the defendant. "The law, as well as adults, makes allowances for the impulsiveness and lack of maturity and experience of children." *Barbarisi* v. *Caruso*, 47 N. J. Super. 125, 130. It was open to the jury to decide that the defendant, in bringing very young children capable of such behavior into the vicinity of a low, open fireplace she knew to be hot, "ought to have reasonably anticipated that harm to a child would be likely to occur" unless adequate precautions were taken. *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78, 80. See *Sample* v. *Melrose, supra,* at 173–174. Compare *Siver* v. *Atlantic Union College,* 338 Mass. 212, 217.

In taking for pay custody of Susan, a child unable to care for herself, in place of her parents or regular guardians, the defendant had an onerous duty to protect Susan from foreseeable harm, including a duty to take affirmative protective acts and a duty to protect her from the foreseeable conduct of third persons. See *Marques* v. *Riverside Military Academy, Inc.* 87 Ga. App. 370, 374; *Cashen* v. *Riney,* 239 Ky. 779, 787; *Barbarisi* v. *Caruso,* 47 N. J. Super. 125, 129–131; *Briscoe* v. *School Dist. No. 123,* 32 Wash. 2d 353, 362–364; Restatement 2d: Torts,

§ 314A, illustration 7, § 320; Harper and James, Torts, § 18.7, at 1058.   Compare *Dodge* v. *Boston & Bangor S.S. Co.* 148 Mass. 207, 217–218; *Nute* v. *Boston & Maine R.R.* 214 Mass. 184, 189–191; *Carson* v. *Boston Elev. Ry.* 309 Mass. 32, 35; *La Sota* v. *Philadelphia Transp. Co.* 421 Pa. 386, 388–389, and cases cited.   The evidence, construed most favorably to the plaintiffs, permits the jury to find that the defendant had not discharged this onerous duty to Susan and that this breach of duty was a proximate cause of Susan's injuries.   *Smith* v. *Eagle Cornice & Skylight Works*, 341 Mass. 139, 141–142, and cases cited.   There was no error in the denial of the defendant's motion for directed verdicts.   *Neil* v. *Holyoke St. Ry.* 329 Mass. 578, 581, and cases cited.

*Exceptions overruled.*