JEROME DAVID SOARES & another *vs.* LAKEVILLE BASEBALL CAMP, INC. March 5, 1976. In this action by a minor, represented by his father, to recover for personal injuries, and by the father for expenses incurred for medical care, a judge of the Superior Court directed a verdict for the defendant at the close of the plaintiffs' case. We affirm the judgment for the defendant entered thereon. 1. Then aged fourteen, the boy was a camper at a summer camp owned and operated by the defendant. The boy had been hazed by his bunk mates on the day of the accident and on previous occasions during his three week stay. On leaving the bunk room after some teasing or horseplay, he fell, putting his arm through a glass panel in the upper part of a door between the bunk room proper and a vestibule which led to an outer screen door. Applying the test "whether there was any evidence viewed in the light most favorable to the plaintiff that would support [his] cause of action," *Howes* v. *Kelman,* 326 Mass. 696, 697, quoted in *Calderone* v. *Wright,* 360 Mass. 174 (1971), and *O'Malley* v. *R. Zoppo Co.,* 362 Mass. 568, 569-570 (1972), we think the motion was properly granted. Even assuming that the hazing was excessive and should have been moderated by counselors exercising due care (see *Brown* v. *Knight,* 362 Mass. 350 [1972]; Restatement [Second] of Torts § 320, comment d [1965]), there is no showing of causal connection between the hazing and the accident, as might have been demonstrable if there was an indication that the boy had been goaded into heedless flight. Cf. *Falvey* v. *Hamelburg,* 347 Mass. 430, 435-436 (1964). Nor was there evidence to support a hypothesis that the fall was due to a dangerously slippery condition of the floor for which the defendant could be held

responsible in negligence. See *Faulkner* v. *J. H. Corcoran & Co.*, 342 Mass. 94, 95-96 (1961); *Battista* v. *F.W. Woolworth Co.*, 317 Mass. 179, 180 (1944); cf. *Lowe* v. *National Shawmut Bank*, 363 Mass. 74, 77-78 (1973). A suggestion that the presence of the glass panel itself created an unreasonable risk of injury was also unsupported in the proof. See *Flynn* v. *F.W. Woolworth Co.*, 338 Mass. 789 (1959); *Valunas* v. *J.J. Newberry Co.*, 336 Mass. 305 (1957); *Rosenberg* v. *Hartman*, 313 Mass. 54 (1943). But cf. *Jaillet* v. *Godfried Home Bakeries, Inc.*, 354 Mass. 267 (1968). See also Annot., 41 A.L.R.3d 176 (1972). 2. The plaintiffs argue that, even if the defendant deserved a directed verdict on the merits, it should not have been granted because the defendant's motion was in formal terms and did not "state the specific grounds therefor." Mass. R. Civ. P. 50 (a), 365 Mass. 814 (1974). The requirement is an important one. But the plaintiffs did not object to the motion for its lack of specificity, and the point was thereby waived. See *Cox* v. *F reeman, Mo.*, 321 F.2d 887, 891 (8th Cir. 1963); *Enos* v. *W.T. Grant Co.*, 110 R.I. 523, 525-526 (1972); 9 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 2533, at 582 (1971). Moreover the record indicates that there was oral argument on the motion, which might well have supplied the detail. 3. Although a directed verdict at the close of the plaintiffs' case was justified here, we call attention to the reasons under the new Massachusetts Rules of Civil Procedure, in any but a plain case, for denying the motion at the close of the plaintiff's case and at the close of all the evidence and obtaining a jury verdict, which is then subject to a motion for judgment notwithstanding the verdict or a new trial under Mass. R. Civ. P. 50 (b). See the discussion in 9 C.A. Wright & A.R. Miller, *supra* § 2533, at 585-586.

*Judgment affirmed.*

*Alan S. Novick* for the plaintiffs.
*Ephraim F. Horvitz* for the defendant.

