MEREDITH JUNE SCOTT[1] *vs.* EDWARD THOMPSON.

Worcester.    April 11, 1977. — May 31, 1977.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Negligence,* School bus. *Proximate Cause.*

In an action for personal injuries against a school bus driver, the evidence warranted findings that the defendant's action in leaving the bus unattended with its door open near a busy highway at a time when children would be boarding the bus constituted negligence. [374-375]
A finding that negligence on the part of a school bus driver was the proximate cause of injuries sustained by a seven-year-old girl when

---

[1] By Walter Scott, her father and next friend.

she was struck by a truck while crossing a busy highway was warranted by evidence that the defendant left the bus unattended and with its door open near the highway at the departure point of the elementary school run. [375-376]

TORT. Writ in the Superior Court dated March 27, 1974.

The action was tried before *Travers, J.*

*Joseph F. Sawyer, Jr.,* for the defendant.

*Albert B. Cook* for the plaintiff.

HALE, C.J. This is an action for personal injuries sustained by the then seven-year-old plaintiff, Meredith June Scott, on November 5, 1970, when she was struck by a truck while crossing Route 20 in Sturbridge, Massachusetts.[2] The plaintiff alleged negligence on the part of the defendant, a school bus operator employed by the town of Sturbridge. At the close of the evidence the defendant filed a motion for a directed verdict. That motion was denied, and the jury returned a verdict for the plaintiff in the amount of $65,500.[3] The defendant appeals from the judgment entered on that verdict, claiming error in the denial of his motion for a directed verdict. There was no error.

This appeal raises as the sole issue the question whether there was any combination of circumstances in the evidence from which the jury could properly have found that the plaintiff's injuries were caused by the defendant's negligence. *Kelly* v. *Railway Exp. Agency, Inc.* 315 Mass. 301, 302 (1943). *Wrenn* v. *Domar, post,* 777 (1977). Viewing the evidence and the reasonable inferences which could be drawn therefrom most favorably to the plaintiff, we conclude that the jury could have found the following. At approximately 7:40 A.M. on November 5, 1970, the defendant had completed his first bus run of the day to the high

[2] A claim on behalf of the plaintiff against the operator of the truck had already been settled for $38,000.

[3] A judgment for the plaintiff in the amount of $27,500, plus interest, was entered after subtracting the $38,000 settlement received from the truck driver.

school. At that time he parked his bus on the left side of Hinman Street, facing Route 20. There was a garage which fronted on Route 20 directly across Hinman Street from where the bus was parked. The weather was cold and misty. As the bus was not scheduled to leave on its next run to an elementary school until 8:15 A.M. the defendant went into the garage to have a cup of coffee while awaiting his departure time. He remained in the garage until he was informed of the plaintiff's accident. The motor of the bus had been left running and the door to the bus had been left open. It was not possible for the defendant to see his bus from his position in the garage. He had been given oral instructions earlier in the school year by the assistant superintendent of schools on safety rules and regulations, one of which was that children were not to be allowed on the bus unless the operator should be on the bus.

At approximately 8:00 A.M. the plaintiff, a second grade student who lived on Hinman Street, boarded the bus through the open door. The defendant was not present at any time while the plaintiff was on the bus. A boy was seated in the operator's seat, and a few other children were at the back of the bus. After approximately five to ten minutes, during which time she had been "swinging on the seats," the plaintiff looked across Route 20 and saw a friend who was waiting for the school bus. The plaintiff gathered her belongings and left the bus. As she crossed Route 20, she was struck by a truck.

"To entitle the plaintiff to go to the jury there must be sufficient evidence (1) to warrant a finding of negligence on the defendant's part, and (2) to warrant a finding that there was a causal connection between such negligence, if found, and the plaintiff's injuries." *Beaver* v. *Costin,* 352 Mass. 624, 626 (1967). See *Berardi* v. *Menicks,* 340 Mass. 396, 399 (1960).

1. There was evidence from which the jury could find negligence on the part of the defendant. "Negligence, without qualification and in its ordinary sense, is the failure of a responsible person, either by omission or by action, to exercise that degree of care, vigilance and forethought

which, in the discharge of the duty then resting on him, the person of ordinary caution and prudence ought to exercise under the particular circumstances." *Altman* v. *Aronson,* 231 Mass. 588, 591 (1919). *Carroll* v. *Bouley,* 338 Mass. 625, 627 (1959). *Beaver* v. *Costin,* 352 Mass. 624, 626 (1967). See Prosser, Torts § 30 (4th ed. 1971); Restatement (Second) of Torts §§ 281, 282 (1965). Only where no view of the evidence could warrant a jury in finding the defendant negligent can it be held as a matter of law that the plaintiff cannot recover. See *Luz* v. *Stop & Shop, Inc. of Peabody,* 348 Mass. 198, 203-204 (1964).

Here the defendant was aware of the school safety regulation prohibiting school bus drivers from leaving a bus unattended with children aboard. There was evidence that the defendant was being paid from the time he left to pick up the high school students to the time he dropped the elementary students off at school. The jury could have found that the defendant was on duty at the time of the accident and was required to act in a manner required by the safety regulation. A violation of that regulation would be evidence of negligence as to all consequences it was intended to prevent. *Afienko* v. *Harvard Club of Boston,* 365 Mass. 320, 330 (1974). The defendant was bound to exercise reasonable diligence to anticipate and to provide against what was likely to happen. See *Falk* v. *Finkelman,* 268 Mass. 524, 527 (1929); *Beaver* v. *Costin, supra.* The jury could have concluded that the acts of children of the age of the plaintiff are predictably irresponsible. It was for them to decide whether by absenting himself the defendant exercised the required care and diligence in seeing to the safety of the children. *Spring* v. *Foodmaster Super Market, Inc.* 2 Mass. App. Ct. 808 (1974). The evidence also warranted findings that the defendant knew that Route 20 was a busy highway, that he was aware that children would be getting on the bus, and that his failure to park the bus at a safe distance from Route 20, to keep its doors closed, or to remain on the bus, constituted negligence.

2. There also was sufficient evidence to warrant a find-

ing that a causal connection existed between the defendant's negligence and the plaintiff's injuries. The defendant left the bus unattended at the departure point of the elementary school run. This was an area where it was likely that children would enter the bus and that one of them (such as the boy who was sitting in the driver's seat) might set the bus in motion with resultant injuries to those on board. With the bus left unguarded a child could be injured while "swinging on the seats," by running in the aisles, or by leaving the bus and running into the street. It is our view that one purpose of the regulation was to provide a safeguard against all such conduct and the possible consequences thereof. "It was not necessary that the ... [defendant] should foresee that the particular injury sustained by the plaintiff would occur, because it was enough if ... [he] ought to have reasonably anticipated that harm to a child would be likely to occur [by reason of his absence]." *Dennehy* v. *Jordan Marsh Co.* 321 Mass. 78, 80 (1947). *Brown* v. *Knight,* 362 Mass. 350, 352 (1972). Although this is not a case where the plaintiff was too young to take care of herself (contrast *Clark* v. *Martin,* 261 Mass. 60, 63 [1927]; *Sample* v. *Melrose,* 312 Mass. 170, 173-174 [1942]), we think that the jury were warranted in deciding that the plaintiff's action of leaving the bus and walking into the flow of traffic was reasonably foreseeable. "The law, as well as adults, makes allowances for the impulsiveness and lack of maturity and experience of children." *Brown* v. *Knight, supra,* at 352, quoting from *Barbarisi* v. *Caruso,* 47 N.J. Super. 125, 130 (1957). See *DiIorio* v. *Tipaldi,* 4 Mass. App. Ct. 640, 643 (1976). Contrast *Soares* v. *Lakeville Baseball Camp, Inc.* 369 Mass. 974 (1976).

*Judgment affirmed.*