CLARENCE RUSSO & another *vs.* MYSTIC VALLEY GAS COMPANY. June 29, 1977. This is an action brought by the owners of a house in Burlington for damages to the house and its contents caused by a gas line explosion and a resulting fire. At the close of all the evidence the defendant filed a motion for a directed verdict, which was denied. See *Soares* v. *Lakeville Baseball Camp, Inc.* 369 Mass. 974, 975 (1976). The judge submitted the case to the jury on an issue of negligence in failing to respond promptly to notification of a gas leak. The jury returned a verdict for the plaintiff, and judgment was entered accordingly. The defendant then filed a motion for judgment notwithstanding the verdict, which was allowed. See *Soares* v. *Lakeville Baseball Camp, Inc. supra.* 1. In the circumstances of this case, the promptness of the defendant's response was an issue properly left for the jury to resolve. See *Wolff* v. *Buzzards Bay Gas Co.* 353 Mass. 57, 59 (1967); *Milwaukee Ins. Co.* v. *Gas Serv. Co.* 185 Kan. 604, 608-609 (1959); *Guzzi* v. *Jersey Cent. Power & Light Co.* 12 N.J. 251, 257 (1953); *Long* v. *Weirton,*      W. Va.     ,      (1975).[a] Contrast *Lone Star Gas Co.* v. *Striplin,* 342 S.W.2d 359, 362-363 (Tex. Civ. App. 1960). There was evidence from which the jury could have found that the defendant failed to notify its foreman in the field for forty minutes after receiving the first phone report of the gas leak. Compare *Long* v. *Weirton,*      W. Va. at     .[b] Contrast *Stewart* v. *Worcester Gas Light Co.* 341 Mass. 425, 429-430 (1960). There was also evidence from which the jury could have found that it took the foreman twenty minutes to reach the house; that the explosion occurred simultaneously with his arrival; and that if he had arrived sooner, he would have shut off the power and opened the windows, thereby reducing the risk of explosion in the house. Compare *Indianapolis* v. *Falvey,* 156 Ind. App. 366, 378-379 (1973); *Kulas* v. *Public Serv. Elec. & Gas Co.* 41 N.J.

---

[a] 214 S.E.2d 832, 844 (1975).

[b] 214 S.E.2d at 841.

311, 319-320 (1964). The jury could have found that the forty minutes thus lost was sufficient time for the defendant to have stopped the flow of gas and, more probably than not (see *Imbimbo* v. *Ahrens*, 360 Mass. 847, 848 [1971]), caused the gas to dissipate before the explosion occurred. 2. We do not reach any of the other issues in this case, either because they are deemed to have been waived (see Mass.R.A.P. 16[a][4], as amended effective February 24, 1975, 367 Mass. 921) or because they have not been properly preserved on appeal (see Mass.R.Civ.P. 51[b], 365 Mass. 816 [1974]).

*Judgment reversed.*

*Judgment is to be entered in accordance with the verdict.*

*Marvin H. Margolies* for the plaintiffs.
*Richard K. Donahue* for the defendant.