IDA LEWIS *vs.* TOWN OF BARNSTABLE. April 14, 1987. *Massachusetts Tort Claims Act. Negligence,* Municipality. *Municipal Corporations,* Liability for tort. *Proximate Cause.*

The plaintiff, Ida Lewis, brought this action against the town of Barnstable (town) under the Massachusetts Tort Claims Act, G. L. c. 258 (1984

ed.), alleging negligence in the town's issuance of a work permit. On cross motions for summary judgment, Mass. R. Civ. P. 56, 365 Mass. 824 (1974), the judge allowed the town's motion without opinion on the ground that the town owed the plaintiff no duty of care. We transferred the plaintiff's appeal to this court on our own motion. We affirm the judgment for the town.

The plaintiff was injured while working at Hyannis Laundry. At the time of her injury, the plaintiff was fifteen years old. Because of her age, the plaintiff was required to obtain a work permit from the superintendent of schools. See G. L. c. 149, §§ 60-89 (1984 ed.). On April 15, 1981, the plaintiff was issued this work permit, indicating that the plaintiff was to be employed at Hyannis Laundry. According to her employer, the specific nature of the plaintiff's employment involved folding towels and shaking out sheets. On the day of her accident, September 8, 1981, the plaintiff was working on a machine which irons sheets. The plaintiff was catching and folding freshly ironed sheets as they came out of the machine. The plaintiff stated that the sheets were very hot. After two hours of this work, the plaintiff sought to cool off her hands. The plaintiff stepped up onto a chair and placed her hands in front of an unguarded exhaust fan. The plaintiff did not realize that this fan sucked hot air out of the laundry, instead of blowing cool air into the laundry. The plaintiff's left hand was sucked into the fan, causing her severe injury.

The plaintiff instituted suit against the town arguing that employees of the town negligently issued to the plaintiff a permit to work in a commercial laundry, in violation of G. L. c. 149, § 61 (20). The plaintiff argued that the express language and clear purpose of the child labor statute creates a duty of care on the part of the town to minor job applicants. See *Irwin* v. *Ware,* 392 Mass. 745 (1984). The town moved for summary judgment asserting that it owed no duty of care to the plaintiff.[1] See *Dinsky* v. *Framingham,* 386 Mass. 801 (1982). The judge allowed the town's motion.

Assuming, without deciding, that there was a "special relationship" between the plaintiff and the town's employee and that therefore the town owed a duty of care to the plaintiff, see *Irwin, supra* at 762, we conclude that the judge correctly allowed the town's motion for summary judgment because any negligence of the town was not the proximate cause of the plaintiff's injury. According to the plaintiff, the town's negligence involved the issuance of a permit to work in a commercial laundry, in contravention of G. L. c. 149, § 61, which states that "[n]o person shall . . . permit [a minor] to work in operating or assisting in operating . . . laundering machinery . . . :" Even if the town were negligent in issuing the plaintiff's work permit, that negligence was not causally linked to the injury to the plaintiff's hand. The plaintiff was not injured while using laundry machinery. Thus, the injury is not within the scope of the risk created by the town's negligent

---

[1] The plaintiff opposed the town's motion for summary judgment and moved for partial summary judgment on the duty of care issue.

issuance of a work permit. See, e.g., *Soares* v. *Lakeville Baseball Camp, Inc.*, 369 Mass. 974 (1976); *Falvey* v. *Hamelburg,* 347 Mass. 430 (1964); *Stamas* v. *Fanning,* 345 Mass. 73 (1962); *Baggs* v. *Hirschfield,* 293 Mass. 1 (1935).

*Judgment affirmed.*

*Richard K. Latimer* for the plaintiff.
*Paul A. Masi* for the defendant.