Toomey, J.
INTRODUCTION
This action arises out of a construction site accident in which plaintiff, Richard Augustine (Augustine), sustained personal injuries. Defendant, Regep Construction, Inc. (Regep), asserts that it is entitled to summary judgment on Count I of the complaint because, on the undisputed material facts, plaintiff cannot prove that Regep caused his injuries. Regep further argues that Count II of the complaint should be dismissed, at least as to Regep, because G.L.c. 143, §51 does not apply to Regep. Finally, Regep contends that the cross claim of defendant, E.J. Cross (Cross), should be dismissed because: (a) the indemnification clause between Regep and Cross is void as a matter of law; (b) Cross is not entitled to indemnity from Regep; and (c) Cross is not entitled to contribution from Regep.
For the reasons set forth below, Regep’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
The material facts are not in dispute and have been presented to the court through deposition transcripts and answers to interrogatories.
Cross was engaged as general contractor to construct an addition to the Shaw’s Grocery in Webster Square, Worcester, and to renovate the existing store. Cross engaged Regep as a subcontractor to perform the excavation and earthwork for the foundation of the addition. Cross engaged Stafford Ironworks (Stafford) as a subcontractor to supply and install the structural steel. Stafford in turn subcontracted with Shea Steel (Shea) to erect the structural steel. Augustine was a steelworker employed by Shea Steel.
The schedule for the week of March 21,1989, called for Shea’s workers to set up bar joists in the mezzanine area; the workers were next to proceed to working on the roof. Shea temporarily shored the joists in the mezzanine area on Monday, March 21, 1989. On Tuesday, March 22,1989, Shea’s workers were unable to work because of the weather. After Shea left the site on Tuesday, Regep performed excavation work in the mezzanine area. Regep’s workers knocked down the joists Shea had erected the previous day. This incident caused damage to some of the joists and Shea was unable to resume work in the mezzanine area on Wednesday, March 23, 1989, because Shea had to wait for a delivery of replacement joists. Shea, therefore, ordered its workers to work on the roof area. Augustine was one of the Shea employees working on the roof on Wednesday. There were no guardrails, safety nets, or decking in place on the roof. In the late morning, Augustine fell approximately 30 feet from the roof and sustained serious injuries. Augustine was not wearing a safety belt when he fell.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.R 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass, at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
A. Count I of the Complaint (Negligence)
Augustine, in opposition to Regep’s motion for summary judgment, asserts that there are triable issues of fact in this case, namely: (1) whether Regep’s excavation in the mezzanine area was negligent; and (2) whether there existed a causal nexus between the excavation work and Augustine’s fall. For the purposes of deciding this motion, the court assumes that Regep performed the excavation work on Tuesday, March 22, in a negligent manner, causing the bar joists to collapse resulting in damage to the joists. This alone *274 might render Regep liable to the property owner, Cross, Stafford, or Shea for damages incurred in replacing the joists or for damages resulting from delay of the work schedule. Such negligence, however, is not, without more, sufficient to hold Regep liable for Augustine’s injuries. Augüstine must also demonstrate the existence of a triable fact which would establish that Regep’s negligence caused plaintiffs injuries.
1. Legal Cause
The element of causation has been said to comprise two aspects: legal cause and proximate cause. W. Page Keeton et al., Prosser and Keeton on the Law of Torts §41 (5th ed. 1984). Legal cause, known variously as “sine qua non cause,” “cause-in-fact,” and “but-for cause,” is established where a party can prove that, but for the defendant’s negligence, he or she would not have been injured. Id. Where concurrent causes are at work, liability should be imposed on a defendant “(i]f two forces are actually operating, one because of the actor’s negligence, the other not because of any misconduct on his part, and each of itself is sufficient to bring about harm to another.” Restatement (Second) of Torts §432(2).
In this case, it is true that Augustine would not have been on the roof on March 23 but for Regep’s negligence in knocking down the joists in the mezzanine area on March 22. But, Augustine’s injuries did not result merely from his being on the roof area. While there is nothing in this record to explain the direct cause of Augustine’s fall [e.g., whether he simply lost his balance or whether outside factors caused him to fall), it appears that the most direct cause of his injuries was the absence of guardrails or safety netting.[3] Augustine has not presented any evidence to suggest that, but for Regep’s negligence, such safety equipment would have been provided. For instance, if there were evidence that Shea intended to install this equipment, but was unable to because of an unanticipated schedule change, this might present a triable issue. But, it is uncontested that Shea expected to work on the roof the week of March 21. In fact, had it not rained on Tuesday, Augustine may well have been working on the roof on Wednesday in any event. Regep’s negligence, vis-a-vis the March 22 incident with the joists, alone was not sufficient to bring about Augustine’s injuries on March 23.
Regep has demonstrated that it is unlikely that Augustine will be able to establish legal causation at trial, and Augustine has not countered by demonstrating any triable issue on that element.
2. Proximate Cause
The second aspect of causation is proximate cause. “(P)roximate cause is that which in a continuous sequence, unbroken by any new cause, produces an event and without which the event would not have occurred. It may be assisted or accelerated by other incidental and ancillary matters, but, if it continues as an operative and potent factor, the chain of causation is not broken.” Wallace v. Ludwig, 292 Mass. 251, 254 (1935). The touchstone of proximate cause is foreseeability. “Proximate cause does not require the particular act which caused the injury to have been foreseen, only that the general character and probability of the injury be foreseeable.” Glick v. Prince Italian Foods of Saugus, Inc., 25 Mass.App.Ct. 901, 902 (1987). The defendant’s breach of duty must create “a risk of the species which was causally related to the result which occurred.” Young v. Atlantic Richfield Co., 400 Mass. 837, 842 (1987), cert. denied 484 U.S. 1066 (1988).
This court is mindful that the issue of causation is generally a question of fact to be determined by the jury. Mullins v. Pine Manor Junior College, 389 Mass. 47, 58 (1983). Nevertheless, a court may decide the issue of proximate cause where no rational view of the evidence warrants a finding that the defendant negligently caused the plaintiffs injuries. Glick, 25 Mass.App.Ct. at 902. Thus, the court has held that a restaurant could not reasonably have anticipated that an out-of-control automobile would jump a median guardrail, cross the opposite lanes of traffic, traverse a parking lot for some sixty feet, and crash into the front of the restaurant. Id. at 901-02. The court has held that a gas station owner may have been negligent in failing to post a sign on the gas pumps explaining that an attendant would pump the gas, but the risk that a customer would be outside his car and be injured by another motorist’s negligence was not a foreseeable consequence of that negligence. Young, 400 Mass, at 842, rev. denied417 Mass. 1106 (1994). Where a summer camper was subjected to hazing by other campers and thereafter fell, cutting his arm on a window, the court concluded that, even if the hazing was excessive and the camp should have stopped it, there was no causal relation between the hazing and the injury. Soares v. Lakeville Baseball Camp, Inc., 369 Mass. 974 (1976). In that case, the court noted that causation might exist if the hazing had goaded the plaintiff in to heedless flight. Id. The court has held that any negligence of a town in issuing a permit for a minor to work in a laundry was not the proximate cause of the minor’s injuries where she was injured at work, but by a fan, not by laundry equipment. Lewis v. Barnstable, 399 Mass. 1007, 1008 (1987). Where construction workers were injured by electrical lines placed close to the bridge on which they were working, the court held that the utility company was not liable for placing the electrical wires too close to a bridge it knew was under construction. Clough v. New England Telephone & Telegraph Co., 342 Mass. 31, 32-36 (1961). The court stated that the condition would not have been dangerous to workers who were exercising due care; the imprudence of the construction workers was not a situation the utility company could reasonably be expected to anticipate. Id. at 36.
*275 The cases cited supra support the conclusion that the plaintiff in the present case has failed to establish a triable issue. Even if Regep were negligent, the injury that occurred was not one that Regep could reasonably be expected to anticipate. See Young, 400 Mass, at 842. If Regep’s actions rendered the mezzanine area unstable or unsafe, Regep could reasonably have anticipated that someone would be injured if the area collapsed or if the instability in the mezzanine area caused an unsafe condition in any other area. But such is not the case at bar. As in Clough, the condition caused by Regep created no danger to workers exercising prudence. At most, Regep’s conduct caused Augustine to be present at a particular time, but, like the town officials in Lewis, Regep cannot be held liable merely because its actions caused the plaintiff to be present in an area in which he was injured. Regep has established that it is unlikely that Augustine will be able to establish that Regep proximately caused Augustine’s injuries, and Augustine has failed to demonstrate that there is a triable issue on the element of proximate cause. By reason, therefore, of the inadequacy of Augustine’s case as to both legal and proximate cause, summary judgment will issue for Regep on Count I.
B. Count II of the Complaint (Building Code Violation)
Massachusetts General Laws c. 143, §51 provides:
The owner, lessee, mortgagee in possession or occupant, being the party in control, of a place of assembly, theatre, special hall, public hall, factory, workshop, manufacturing establishment or building shall comply with the provisions of this chapter and the state building code relative thereto, and such person shall be liable to any person injured for all damages caused by a violation of any of said provisions.
Augustine contends that Regep was a “party in control” for the purposes of this statute because it was the only subcontractor working in the mezzanine area on March 22. It is doubtful, however, that merely being present in a portion of a premises on one particular day would render one a “party in control.”
In another respect, too, Augustine’s interpretation of the statute, to wit, that any “party in control” falls within its reach, is erroneous. The only categories of persons liable are owners, lessees, and mortgagees in possession. The phrase “party in control” does not establish an additional category, but merely provides a further description of the categories enumerated. Regep is clearly not an owner, lessee, or mortgagee and must prevail insofar as the count rests on G.L.c. 143, §51.
Moreover, the construction site was not a building. See G.L.c. 143, §1 (defining “building” as a structure “having a roof . . . for the shelter of persons, animals or properly”); St. Germaine v. Pendergast, 411 Mass.
615, 618-619 (1991) (G.L.c. 143, §1 does not apply to a single-family home under construction). The mezzanine area did not have a roof and was not yet used to shelter persons or property. Because the injury did not occur in or on a ’’building," Regep cannot be liable under G.L.c. 143, §51 on any state of facts. Therefore, Count II of the complaint cannot survive Regep’s motion.
For either of the alternative reasons stated supra— to wit, Regep is not an entity within the reach of the statute and the injury did not occur in an area within the contemplation of the statute — Regep’s motion for summary judgment upon Count II will be allowed.
C. Cross Claim
The contract between Regep and Cross provided that Regep would indemnify Cross for any damages caused in whole or part by Regep’s negligence. Because this court holds that, as a matter of law, Regep did not cause Augustine’s injuries, Regep is not liable to indemnify Cross. For the same reason, Cross is not entitled to contribution from Regep.
ORDER
It is, therefore, ORDERED that defendant, Regep Construction Inc.’s motion for summary judgment is ALLOWED. Judgment shall enter in Regep’s favor on plaintiffs complaint and Cross’ cross claim.

While there may have been more than one factor contributing to Augustine’s injuries, on the record before the court it appears that this is the only direct cause advanced by the plaintiff. There are unresolved issues with respect to whether there was a negligent failure to supply such safety equipment, who was responsible to provide such equipment, and whether such equipment would have prevented the injuries, but these issues are not material to the motion, by Regep, presently before the court.