Cowin, J.
INTRODUCTION
The minor plaintiff Gregory Blotnick (“Gregory”) filed this action through his parents to recover for personal injuries he sustained when hot oil spilled on him during a cooking demonstration at his school. Defendant Diane Young-Spitzer (“Young-Spitzer”) is moving for partial summary judgment on the plaintiffs claims for breach of an “onerous” duty of care (Count II) and for strict liability (Count III). Defendants, Buckingham, Browne & Nichols School (“BB&N”), Pamela A. Marazzo (“Marazzo”), Beverly Malone (“Malone”) and Mary Newmann (“Newmann”) are moving for partial summary judgment on Counts VI through XII, plaintiffs claims for strict liability, breach of an “onerous” duty of care and supervisory liability.[3]
For the reasons stated below, defendant Diane Young-Spitzer’s motion for partial summary judgment is ALLOWED on Counts II and III of plaintiffs’ complaint alleging violation of an “onerous” duty of care to the minor plaintiff and strict liability. Defendants Pamela A. Marazzo, Beverly Malone and Mary Newmann’s motion for partial summary judgment is ALLOWED on Counts VI, IX and XII of plaintiffs’ complaint alleging strict liability; ALLOWED on Counts V, VIII and XI alleging violation of an “onerous” duty of care to the minor plaintiff; and DENIED on Counts VII and X alleging negligence against defendants Mary Newmann and Beverly Malone.[4]
BACKGROUND
The following undisputed facts are derived from the submissions of the parties. On February 11, 1994, Gregory, then seven years old, sustained first, second and third degree burns over approximately 8% of his body while in his first grade classroom at BB&N, a private school located in Cambridge, Massachusetts. Gregory was injured during a cooking demonstration conducted by the defendant Young-Spitzer, a parent of one of Gregory’s classmates. The demonstration was conducted in the classroom of defendant Marazzo, Gregory’s teacher at BB&N. The parties agreed at the hearing on this motion that Young-Spitzer was not compensated for conducting the demonstration.
Defendant Malone was the director of the BB&N Lower School which includes the first grade class. The defendant Newmann was the “Head” (Director) of the entire school. The school had no specific policies regarding classroom cooking or general classroom safety. Newmann considered the matter of classroom safety to be the responsibility of the directors of the individual campuses. However, Malone, the director of the lower school, stated that she was unaware of any school standards for classroom safety. Further, Malone did not recall ever discussing the issue of classroom cooking demonstrations with anyone at the school. Neither Newmann nor Malone were aware of the Young-Spitzer cooking demonstration.
Young-Spitzer’s demonstration was part of a Chinese cultural presentation and consisted of a talk by Young-Spitzer about Chinese culture and custom, a paper-folding activity and the cooking ofwontons. She had presented it on several other occasions in BB&N classrooms.[5]
There were twenty-one students in Gregory’s class ranging in age from six to seven years. During the demonstration, they filled the wantons with items such as peanut butter and jelly and then gave them to Young-Spitzer to place in the wok to cook. The students were able to watch the wantons cook and then eat the particular wantons each had filled.
The wok was owned and operated at all times by Young-Spitzer. It was set up on a table in the corner of the room. The demonstration was arranged so that approximately half the class first participated in the Origami activity under Marazzo’s supervision and the other half participated in the cooking activity under the direction of Young-Spitzer. The evidence is conflicting as to how the accident actually happened.[6] Plaintiffs claim that Gregory, the last student to arrive in the cooking area after finishing his Origami lesson, was walking toward a seat and hit the wok cord. As a result, the wok tipped over spilling hot oil onto Gregory’s face, neck, shoulder and back.
After the accident, Marazzo took Gregory to the sink to wash off the oil. Gregory was transported by automobile to the Mount Auburn Hospital located around the block from the school. He was then transferred by ambulance to the Children’s Hospital in Boston for treatment of first, second and third degree burns. The school had no temporary or permanent nurses on its staff.
DISCUSSION
Summary judgment shall be granted if there are no material facts in dispute and if the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and of establishing that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The plaintiffs claim that the cooking lesson, involving the use of an open wok in a classroom of six and seven year-old children, constitutes an “abnormally dangerous” activity justifying the imposition of strict liability. Pursuant to the rule of Rylands v. Fletcher, L.R. 3 H.L. 330 (1868), the Supreme Judicial Court has held that one who carries on an abnormally dangerous activity is subject to liability for harm resulting from that activity, even if that person has exercised the utmost care to prevent the harm. Ainsworth v. Lakin, 180 Mass. 397, 399 (1902). The ques- *404 lion of whether the defendants’ activity is subject to the Rylands rule of strict liability is for the court, not for the jury. Joseph R. Nolan and Laurie J. Sartorio, Tort Law §317(1989). The nature of the activity should not, in and of itself, determine whether the activity is “abnormally dangerous.” Rather, consideration should focus on whether the risk is so unusual and extraordinary as to justify the imposition of strict liability. The Clark-Aiken Co. v. Cromwell-Wright Co., Inc., 367 Mass. 70, 89 (1975).
Massachusetts law on strict liability is consistent with the Restatement (Second) of Torts §§519, 520. The Clarke-Aiken Co., supra at 91. Thus, in determining whether an activity is abnormally dangerous, the court is to consider the following factors among others:
(a) whether the activity involves a high degree of risk of harm to the person, land or chattels of others; (b) whether the gravity of the harm which may result from it is likely to be great; (c) whether the risk cannot be eliminated by the exercise of reasonable care; (d) whether the activity is not a matter of common usage; (e) whether the activity is inappropriate to the place where it is carried on; and (f) the value of the activity to the community.
Clark-Aiken Co., 367 Mass. at 72, quoting the Restatement (Second) of Torts §520, Comment f (Tent. Draft No. 12, 164).
Because strict liability imposes liability regardless of due care, its applicability has traditionally been limited. Consistent with the Rylands rule, Massachusetts cases have imposed strict liability for certain damages caused by blasting or the escape of wild animals. See O’Connor v. E.J. DiCarlo & Sons, Inc., 376 Mass. 927 (1978) (blasting): Marble v. Ross, 124 Mass. 44 (1878) (castrated bull). See also Mears v. Dole, 135 Mass. 508 (1883) (excavation of seashore allowing sea to damage adjacent property). Massachusetts has declined, however, to extend this harsh rule to such situations as the blasting of a high pressure hose carrying oil from a pump to a hydraulic lift device on a truck (Garrett v. M. McDonough Co., 297 Mass. 58, 61 (1937)) or use of a highly flammable petroleum product by a garment cleaner when the product passed to a creek and was later ignited by an engine (Kaufman v. Boston Dye House, Inc., 280 Mass. 161 (1932)).
Applying the above principles to the instant case, the Chinese demonstration including the cooking of wontons by Young-Spitzer in Marazzo’s first-grade classroom at BB&N does not involve the high degree of risk of harm required for strict liability. The risk of injury during the cooking demonstration could be eliminated by the exercise of reasonable care such as dividing the children into manageable groups and closely supervising them during the demonstration. Cooking activities are an appropriate form of instruction in a learning environment. They do not even approach the type of dangerous activities previously held to warrant the imposition of strict liability. Summary judgment in favor of all the defendants is therefore appropriate as to the strict liability counts.
Plaintiffs’ claim that defendants had an “onerous” duly of care to protect Gregory which duty encompasses a higher standard than the duty of reasonable care required by the ordinary negligence standard. Massachusetts caselaw, however, has consistently interpreted the duty of care owed to students by school officials to be the reasonable care of reasonably prudent persons under the circumstances. See Alter v. Newton, 35 Mass.App.Ct. 142, 145 (1993); Wightman v. Methuen, 26 Mass.App.Ct. 279, 280 (1988). Plaintiffs cite Brown v. Knight, 362 Mass. 350, 352 (1972), as imposing on defendants this higher “onerous” duty to protect Gregory. Brown does not alter the traditional concepts of negligence. The phrase “onerous duty” in Brown was simply a means of expressing the fact that the care of children creates a situation that requires the exercise of more than normal care in order to avoid liability. It does not impose a higher duty; it simply may be more difficult to fulfill the duty when children are involved. The fact that the plaintiff is a child is one of the circumstances to be taken into account in the negligence determination. Summary judgment in favor of all the defendants is therefore appropriate as to plaintiffs counts alleging that defendants violated an “onerous” duty of care beyond the duty of care encompassed by the standard of ordinary negligence.
Defendants Newmann and Malone contend that they are entitled to summary judgment on plaintiffs’ claims of negligence. They argue that they were not present at the cooking demonstration and had no knowledge of the event. However, the issue is not whether Newmann and Malone did or knew anything about the demonstration. The question is whether Newmann and Malone fulfilled their duty of care as supervisory staff at BB&N. The event took place in a classroom at BB&N. Thus, they have some degree of responsibility. Whether they fulfilled that responsibility is a question of fact. The jury would be warranted in finding that the cooking activity was carried out with an absence of recognition of its potential harm and that Newmann and Malone had failed to develop and transmit to the teaching staff adequate safety procedures. I cannot say based upon the existing record that as a matter of law Newmann and Malone are not liable for negligence. Therefore, summary judgment is denied on Counts VII and X for the negligence of Newmann and Malone.
ORDER
It is hereby ORDERED that defendant Diane Young-Spitzer’s motion for partial summary judgment be ALLOWED on Counts II and III of plaintiffs’ complaint alleging violation of an “onerous” duty of care to the minor plaintiff and strict liability. It is further ORDERED that defendants Pamela A. Marazzo, Beverly Malone and Mary Newmann’s motion for partial sum *405 mary judgment be ALLOWED on Counts VI, IX and XII of plaintiffs’ complaint alleging strict liability; ALLOWED on Counts V, VIII and XI alleging violation of an “onerous” duty of care to the minor plaintiff; and DENIED on Counts VII and X alleging negligence against defendants Mary Newmann and Beverly Malone. The claims against Buckingham, Browne and Nichols are disposed of in the same manner as those against the other defendants.

While plaintiffs allege that inadequate medical care exacerbated Gregory’s injuries (see paragraph 14 of the Complaint), they do not seek judgment for that as a specific and separate theory of recovery. Accordingly, the Court is not acting on the defendants’ requests for summary judgment in this regard.

CountXIII seeks judgment against Buckingham, Browne and Nichols claiming that it is vicariously liable for the acts of Marazzo, Malone and Newmann. Accordingly, its liability only survives where that of the individual defendants survives.

Baking, making popcorn, cookies, pizza, and soup were among other cooking activities that took place in Marazzo’s classroom and at BB&N.

The conflicting testimony does not affect the resolution of the instant motion.