ESTELLE MULROONEY *vs.* JULIAN POPKO & another.[1] December 7, 1984.
*Negligence,* Trespasser, One owning or controlling real estate.

The trial judge took the unusual step of directing a verdict for the defendants at the close of the plaintiff's case (rather than relying on the judgment n.o.v. device, see Mass.R.Civ.P. 50(b), 365 Mass. 814 [1974]; *Soares* v. *Lakeville Baseball Camp, Inc.,* 369 Mass. 974 [1974]) because he thought *Schofield* v. *Merrill,* 386 Mass. 244 (1982) (4-3 decision), was clearly controlling against the plaintiff. We agree that it controls. The plaintiff drove her car into the defendants' scrubby lot which, as indicated by a posted sign, they had reserved for parking by tenants of a nearby house, also owned by them. In leaving her car, the plaintiff — not a tenant — tripped and fell because of an accumulation of snow and ice on the spot.

---

[1] Mary T. Popko, his wife.

By the systematics of the *Schofield* case the plaintiff was to be classified as a "trespasser" to whom (except in two acknowledged situations, neither of which was here applicable²) no duty of due care was owed by the landowners; the duty owed was merely to refrain from wilful, wanton, or reckless conduct, and the plaintiff had charged no more than negligence. Argument is offered that the plaintiff ought to be able to claim as a kind of third-party beneficiary of the defendants' duty of care toward their tenants, but we think the *Schofield* case does not admit of this. The case of *Monterosso* v. *Gaudette*, 8 Mass. App. Ct. 93, 100-101 (1979), suggests as a "middle ground" that due care may be owed to one who is given reason by the landowner to believe that he could enter if he wished. If it is assumed that this formulation can survive the *Schofield* case, later decided, the plaintiff still is not helped, since she was not given such a reason.

*Judgment affirmed.*

*Patricia A. Bobba* for the plaintiff.
*Paul S. Weinberg* for the defendants.

---

² See *Pridgen* v. *Boston Housing Authy.*, 364 Mass. 696 (1974) (the "trapped trespasser" case); *Soule* v. *Massachusetts Elec. Co.*, 378 Mass. 177 (1979) (the "child trespasser" case; and see G. L. c. 231, § 85Q). The question of the treatment of trespassers, or of trespassers in various situations, was raised as early as *Mounsey* v. *Ellard*, 363 Mass. 693, 696, 707 n.7, 717 (1973), and has taken the course of decision described in the opinions in the *Schofield* case.