# RESCRIPT OPINIONS.

RONALD J. GLICK & another[1] *vs.* PRINCE ITALIAN FOODS OF SAUGUS, INC. (and a companion case[2]). Nos. 86-539 & 86-593. October 20, 1987. *Negligence,* One owning or controlling real estate, Standard of care, Invited person. *Proximate Cause.*

In these consolidated cases the question is whether the trial judge properly allowed the defendant's motions for summary judgment ruling, as matter of law, that there were no material issues of fact presented by the plaintiffs. From the facts stated on the record, the defendant had no duty to protect the plaintiffs from the type of harm causing their injuries because the harm was not reasonably foreseeable. We therefore affirm the judgments which were entered.

On November 30, 1981, an out-of-control automobile operated by a third party left the southbound lanes of Route 1 in Saugus, at a high rate of speed, entered the defendant's parking area, crashed through the solid exterior wall of the defendant's restaurant, and injured the plaintiffs, who were patrons in the restaurant, before coming to rest against an interior stone fireplace wall. The driver had lost control of his automobile due to the actions of another highway driver. The out-of-control vehicle bumped the median guardrail and then ricocheted across the southbound traffic lanes and, still out of control, entered onto the restaurant's premises and, indeed, into the restaurant. The restaurant is set back some sixty feet from Route 1 and is reached from the highway by a driveway across a ten-foot strip of land owned by the Commonwealth, and then by crossing the parking lot. There are approximately twenty parking spaces between the highway and the building as well as cement bumper stops, approximately eight inches high and five feet long, placed around the perimeter of the building.

Patrons of a restaurant are owed a duty of reasonable care by the proprietor. "A landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk." *Mounsey* v. *Ellard,* 363 Mass. 693, 708 (1973), quoting *Smith* v. *Arbaugh's Restaurant, Inc.,* 469 F.2d 97, 100 (D.C. Cir. 1972). A restaurant is thus expected to provide for the safety of its patrons from those events which are reasonably foreseeable. The defendant had no obligation or duty to construct an impenetrable barrier

---

[1] Janice E. Glick.

[2] Eve Bartlett *vs.* Prince Italian Foods of Saugus, Inc.

surrounding its restaurant to prevent errant automobiles from entering the building as it is not reasonably foreseeable that such an incident will occur, resulting in such injuries as the plaintiffs suffered.

The courts of Massachusetts have not previously addressed this specific fact pattern. However, a court in Florida stated: "[It is an] obvious fact that at times operators lose control over the forward progress and direction of their vehicles . . . . In a sense all such occurrences are foreseeable. They are not, however, incidents to ordinary operation of vehicles, and do not happen in the ordinary and normal course of events. . . . [T]he consequences resulting therefrom are matters of chance and speculation. If . . . such occurrences are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty owed by the owners of establishments into which people are invited to enter." *Schatz* v. *7-Eleven, Inc.,* 128 So.2d 901, 904 (Fla. Dist. Ct. App. 1961). Proximate cause does not require the particular act which caused the injury to have been foreseen, only that the general character and probability of the injury be foreseeable. *Carey* v. *New Yorker of Worcester, Inc.,* 355 Mass. 450, 454 (1969). But the court will not hold the defendant liable for all possible injury no matter how remote or farfetched. The cause of the injury must be reasonably foreseeable. There is no duty owed when the risk which results in the plaintiff's injury is not one which could be reasonably anticipated by the defendant. *McGuigan* v. *New England Tel. & Tel.,* 398 Mass. 152, 157-161 (1986). See also *Mayeur* v. *Time Saver, Inc.,* 484 So.2d 192, 195 (La. Ct. App. 1986).

Although negligence questions involving issues of what is reasonably foreseeable are ordinarily left to the jury, there are instances when the judge may decide them as matter of law, where no rational view of the evidence would warrant a finding of negligence. *Luz* v. *Stop & Shop, Inc.,* 348 Mass. 198, 203-204 (1964). *Mullins* v. *Pine Manor College,* 389 Mass. 47, 56 (1983). A landowner or proprietor is not an insurer of the safety of his patrons. "The test is 'foreseeable harm.' . . . The underlying duty in every case, however, is to exercise the care which the circumstances reasonably require." *Kane* v. *Fields Corner Grille, Inc.,* 341 Mass. 640, 642 (1961). Based on the evidence presented, there could be no reasonable difference of opinion as to the improbability of the incident which occurred.

The facts of the instant case are clearly distinguishable from those cases in other jurisdictions where a proprietor has been held liable for injuries to patrons caused by out-of-control motor vehicles. The restaurant here was not providing outside window service, *Barker* v. *Wah Low,* 19 Cal.App.3d 710 (1971), nor an outdoor seating area, *Ray* v. *Cock Robin, Inc.,* 57 Ill.2d 19 (1974); *Marquardt* v. *Cernocky,* 18 Ill.App.2d 135 (1958). The driver of the vehicle causing injury to the patrons was not on the property to avail himself of the services of the defendant; he was unintentionally on the premises. There was no evidence produced of prior runaway vehicles causing damage to the restaurant building. *Mullins* v. *Pine Manor College, supra*

at 56. *Denton* v. *Park Hotel, Inc.*, 343 Mass. 524, 527 (1962). *Bigbee* v. *Pacific Tel. & Tel. Co.*, 34 Cal.3d 49 (1983). The undisputed facts of this case make the injuries suffered by the plaintiffs the result of an incident which was not reasonably foreseeable by the defendant and thus not an occurrence from which it had a duty to protect its patrons.

*Judgments affirmed.*

*Victor G. Dragone, Jr.* for Eve Bartlett.

*Debra L. Smith* for Ronald J. Glick & another.

*Madeline M. Becker* (*Lawrence F. Boyle & Leonard H. Kesten* with her) for the defendant.