Whitehead, J.
This is a products liability case filed by Linda Pinstein-Hill (“plaintiff’) against Chamberlain Manufacturing Company (“Chamberlain”) and Sears, Roebuck & Company (“Sears”) alleging that a defective automatic garage door opener manufactured by Chamberlain and sold by Sears caused her to suffer personal injuiy. Chamberlain filed a motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6) and Sears filed a motion for judgment on the pleadings pursuant to Mass.R.Civ.P. 12(c) and (h)(2).[2] Plaintiff filed oppositions to both. After hearing counsel for the parties and based on the parties’ written submissions, the Court ALLOWS Chamberlain’s motion to dismiss and ALLOWS Sears’ motion for judgment on the pleadings.
BACKGROUND
In or around 1981, plaintiff purchased a garage door opening system from Sears. The system was manufactured by Chamberlain and installed by Sears. Several years after she purchased this system, plaintiff began having intermittent problems because the transmitter in her automobile would not open the garage door. Sears had come to her home on more than one occasion to repair the system. The last repair, prior to the plaintiffs injuiy, was on February 23, 1993.
On or about March 4, 1993, plaintiff arrived at her home and attempted to open the garage door with the transmitter. The garage door failed to open. When that happened, plaintiff secured her car, got out and went to the garage door to open it manually with the alternate switch located on the garage itself. While she was doing this, her car began to slide down the driveway on some ice and it struck her. Plaintiff suffered injuries as a result.
DISCUSSION
Defendants assert that, taking the allegations of the complaint as true, plaintiff is unable to establish a causal relationship, for legal purposes, between the failure of the garage door to open and her injuries. Defendants argue that it is wholly unforeseeable that this type of accident could occur and therefore they cannot be held liable. Plaintiff responds that foreseeability is a juiy question and should not be decided as a matter of law. Moreover, plaintiff claims that this accident is clearly within the realm of foreseeability. This Court agrees with defendants and holds that the defect in the garage door opening system was not the proximate cause of plaintiffs injuries.
Proximate cause has two elements, namely, cause in fact and foreseeability. Jorgensen v. Massachusetts Port Authority, 905 F.2d 515, 522-23 (1st Cir. 1990) (applying Massachusetts law); Wiskav. St Stanislaus Social Club, Inc., 7 Mass.App.Ct. 813, 818 & n. 7 (1979). Defendants emphasize the foreseeability prong here. The foreseeability prong constitutes a continuum. At either end of the continuum are the extreme-cases where the court can rule as a matter of law that a given incident was or was not foreseeable. However, between those two extremes are the vast majority of cases. In those cases, the question of foreseeability is one for the juiy. The issue here is whether the circumstances of this case lie so far along the continuum that as a matter of law the result was not a foreseeable consequence.
It is difficult, if not impossible, to articulate a precise formula for determining when an event crosses the line of foreseeability to become unforeseeable as a matter of law. In this case, however, the result was not a foreseeable one. Foreseeability involves a determination of whether the consequence is one which is probable according to ordinaiy and usual experience. Glick v. Prince Italian Foods, 25 Mass.App.Ct. 901, 902 (1987). It is foreseeable that a motor vehicle operator, upon failure of her garage door opening system, might exit her vehicle and proceed to open it manually. And although there are many ordinary occurrences which might befall a motor vehicle operator as she proceeded from her vehicle to her garage, the sliding of her vehicle down her driveway on an icy surface is not such an ordinaiy or foreseeable event. In fact, such an occurrence is so unusual that as a matter of law and public policy, the manufacturer and seller of the garage door opening system cannot be held liable for such an occurrence.
In the context of examining cases lying near the end of the foreseeability continuum, it is difficult to compare one case to another because each is so factually unique. But, to the extent that such a comparison is possible, this Court finds Young v. Atlantic Richfield Co., 400 Mass. 837 (1987), cert. denied, 484 U.S. 1066 (1988), and Glick, supra, to be most similar to the facts of this case. In both Young and Glick, the Court concluded that the consequence suffered by plaintiff was not reasonably foreseeable as a matter of law. Glick, supra, at 902; Young, supra, at 842. In Glick, the Court noted that it would “not hold defendant liable for all possible injury no matter how remote or farfetched.” Glick, supra. Massachusetts courts require some indication that the occurrence took place in the normal and ordinaiy course of events such that it could be anticipated by defendant. Here, as in Glick and Young, the injuiy sustained by plaintiff, while unfortunate, was not a normal or ordinary happening. Defendants cannot be held liable for consequences outside the normal and ordinaiy course of events.
ORDER
Based on the foregoing, Chamberlain Manufacturing Company’s motion to dismiss is ALLOWED and Sears, Roebuck, & Company’s motion for judgment on the pleadings is ALLOWED.

While technically different, Chamberlain’s motion to dismiss and Sears’ motion for judgment on the pleadings are based on the same theory and therefore will be treated together for purposes of this decision.