Kottmyer, J.
INTRODUCTION
Plaintiff William Hebert ("Hebert”) brought this action to recover for personal injuries he suffered as a result of receiving an electric shock on premises owned by defendant Carl Enos (“Enos”). In Count I of the Complaint, Hebert asserts a claim for negligence and, in Count II, Hebert’s wife, Linda Hebert, seeks damages for loss of consortium. Enos has moved for summary judgment on the grounds that the injuries suffered by Hebert were not a reasonably foreseeable consequence of any negligence on his part. For the following reasons, Enos’ motion for summary judgment is ALLOWED.
SUMMARY JUDGMENT RECORD
The facts and reasonable inferences therefrom, viewed in the light most favorable to the plaintiffs, are as follows.
Enos purchased a home at 46 Richwood Road, Framingham, Massachusetts in 1997. Hebert lived next door. Apart from hiring an electrician to install a switch on the second floor and a switch for an overhead light in the kitchen, Enos did no work on the electrical system. He experienced no problems with the electrical system before July of 2000. At some point, Enos repaired the toilet which was on the second floor of the house. He did not perform the repair properly. On one or two occasions before July 1, 2000, Enos had to jiggle the handle of the toilet so that the water would stop running.[2] He experienced no other problems with the toilet in the months preceding the accident. At no time did water run out of the tank or toilet. In 1989, Enos had taken a three-day course on the fundamentals of electricity.
In late June of 2000, Enos asked Hebert to water his lawn and flowers while Enos vacationed on Cape Cod during the week of July 4th and Hebert agreed to do so. Enos left for the Cape on Saturday, July 1,2000. Hebert watered Enos’s lawn and flowers on July 1, July 2, and July 3 without incident. On Wednesday July 4, 2000, Hebert went to Enos’s house to water. Holding the garden hose in one hand, he reached for the faucet with his other hand and received an electric shock. The shock threw Hebert many feet through the air, melted his sneakers and glasses and knocked his dental plate from his mouth. Hebert suffered serious injuries, including exit wounds on the left side of his body and in his mouth.
The Framingham Fire Department (“the FFD”) responded to the scene. The FFD entered the house and observed water in the basement and on the electrical panel. The source of the water was determined to be the toilet on the second floor of the house. The FFD called Edward Hicks (“Hicks”), the Electrical Inspector for the town of Framingham. Hicks inspected the basement and the components of the electrical system and found nothing abnormal. He could not identify the cause of the electric shock. It was later determined that a part in the toilet tank known as the “ball cock” had failed, causing water to shoot out of the toilet.[3] The water eventually came into contact with electrical wires destroying the insulation and “allowing leakage current to flow into a grounded surface and thence through the water piping system to ground” and “ground fault current flowed as a result.” Hebert had watered his own lawn before going to Enos’ house and was wet. When Hebert touched the faucet, the electrical current flowed through his body.[4]
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the moving party is entitled to summary judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial may demonstrate the absence of a triable issue by showing that the nonmoving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts establishing the existence of a genuine issue of material fact. Id. at 17. The nonmoving party cannot defeat the motion for summary judgment by resting on his or her pleadings and mere assertions of disputed facts to defeat the motion. LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
Ordinarily, summary judgment is not an appropriate means to resolve negligence cases, because usually the question of negligence is a determination for the jury. Roderick v. Brandy Hill Co., 36 Mass.App.Ct. 948, 949 (1994), citing Mullins v. Pine Manor College, *126 389 Mass. 47, 56 (1983); Solimene v. B. Gravel & Co., KG, 399 Mass. 790, 794 (1987). A judge may decide the issue as a matter of law, however, when no rational view of the evidence permits a finding of negligence. Kent v. Commonwealth, 437 Mass. 312, 322 (2002); Roderick, 36 Mass.App.Ct. at 949 (citations omitted).
Generally, a landowner must act reasonably in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk. Mounsey v. Ellard, 363 Mass. 693, 708 (1973). This duty includes an obligation to maintain the premises in a reasonably safe condition..Davis v. Westwood Group, 420 Mass. 739, 743 (1995) (citations omitted). A landowner, however, is not an insurer of the safety of his visitors. Id. Liability under ordinary rules of negligence requires either actual or constructive knowledge on the part of the defendant of the risk of harm.
The issue is whether the plaintiff can prove any set of facts to support a conclusion that the risk of harm suffered by plaintiff was a reasonably foreseeable consequence of Enos’s negligent repair of the toilet. “There is no duty owed when the risk which results in the plaintiffs injury is not one which could be reasonably anticipated by the defendant.” Glick v. Prince Italian Foods of Saugus, 25 Mass.App.Ct. 901, 902 (1987).[5] The plaintiff must show that the risk of harm was reasonably foreseeable to a person in defendant’s position at the time of defendant’s alleged negligence.[6] See Wiska v. St. Stanislaus Social Club, Inc., 7 Mass.App.Ct. 813, 818 (1979). The fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not preclude liability. But although the precise harm need not be foreseeable, the general nature or type of harm must be. Andrews v. Jordan March Co., 283 Mass. 158, 161 (1933) (“[TJhere was no negligence unless the plaintiffs injury, though in its precise form unforeseeable, was in its general nature a probable consequence” of the defendant’s negligence).
“There must be limits to the scope or definition of ’’reasonable foreseeability" based on policy considerations and pragmatic judgment." Poskus v. Lombardo’s of Randolph, Inc., 423 Mass. 637, 640 (1996). “One is bound to anticipate and provide against what usually happens and what is likely to happen, but is not bound in like manner to guard against what is unusual and unlikely to happen, or what, as is sometimes said, is only remotely and slightly probable.” Falk v. Finkelman, 268 Mass. 524, 527 (1929). Where it appears extraordinary that the negligent conduct brought about the plaintiffs harm, the conduct is not a legal cause of the harm. Restatement (Second) of Torts §435(2);[7] Rae v. Air-Speed, Inc., 386 Mass. 187, 193 (1982) (Defendant’s conduct would constitute the foreseeable cause of the plaintiffs harm “unless it appears extraordinary that the conduct should have brought about that harm”).
Applying these principles, I find that, as a matter of law, the risk which obtained in this case, injury from electric shock to a person who did not enter the house, was not a reasonably foreseeable consequence of a negligent repair of the toilet.[8] The injury to plaintiff was highly extraordinary and “so remote in everyday life” as to preclude a finding that the alleged negligence was a legal cause of plaintiffs injuries.
Accordingly, defendant’s motion for summary judgment is allowed.[9]
ORDER
For the reasons stated herein, it is hereby ORDERED that the Defendant’s motion for summary judgment be and hereby is ALLOWED.

The need to jiggle the handle is indicative of a problem with the flapper, not the ball cock. (See n.4.) The flapper is not part of the ball cock. It sits on the flush valve and, if it does not sit evenly and cover the flush valve, water continues to drain through the flush valve. Jiggling the handle can correct the problem by helping the flapper seat correctly on the flush valve. A problem with the flapper would not cause water to escape from the toilet.

The ball cock, a component of the fluid master, is the fill valve for the toilet. The evidence as to a causal relationship between the negligent repair allegedly performed by Enos and the failure of the ball cock would be sufficient only in the event that Hebert, a licensed contractor, qualified as an expert and was permitted to give opinion testimony. The evidence as to a causal relationship rests on testimony by Hebert as to (1) his observations of Enos repairing the toilet some time before the accident; (2) his observations of the condition of the toilet after the accident (the fluid master had been installed improperly); and (3) conclusions that he drew as to the mechanism of failure based on his observation of the toilet after the accident (the improper configuration of the fluid master caused the ball cock to fail). There is no other evidence as to a causal relationship between the two. Enos denied making any repairs to the toilet. Hebert could not describe the repair he observed Enos perform with any specificity, but there is evidence from which an inference could be drawn that after Enos purchased the home, at least some parts of the fluid master were replaced. The plumber hired by Enos to fix the toilet after the accident testified that he repaired only the ball cock which had failed, that he did not know why it had failed and that, apart from the fact that the top piece had separated from the remainder of the ball cock, he saw no problems with the configuration of the fluid master inside the tank. Assuming the sufficiency of the evidence to establish a causal relationship between Enos’ negligent repair and the failure of the ball cock, summary judgment is nonetheless required for the reasons stated in the text.

Hebert stated in his deposition that, after the accident, Enos told Hebert’s wife that on the day he left for vacation, the water kept running, but he thought he had shut it off. This evidence cannot be considered. See McKenzie v. Brigham & Women’s Hosp., 405 Mass. 432, 437-38 (1989) (deposition testimony which would be inadmissible at trial may not be considered in ruling on a summary judgment motion).

The commentators to the Restatement (Second) of Torts note that although, as stated in Glick, the problem before the Court is one of determining whether the duty imposed on the actor was designed to protect the plaintiff from the risk of harm from the hazard in question, the cases are not uniform *127 in that courts frequently treat such problems as problems of causation. Restatement (Second) of Torts §435, comment a; §281, comment e.

In his opposition, Hebert contends that, as a result of taking a three-day course at Verizon entitled “Fundamentals of Electricity” in 1989 and his employment at Verizon, Enos, a high school graduate with no other training in electricity and none in plumbing, should have foreseen the risk that a negligent repair of the toilet would electrify the house. Where the actor has knowledge superior to that of the average person, the applicable standard is whether a reasonable person exercising such superior knowledge would recognize the risk. Restatement (Second) of Torts §289(b) and comment m; Everett v. Bucky Warren, Inc., 376 Mass. 280, 288 (1978). The facts in the summary judgment record as to Enos’s knowledge of electricity (that he had taken the three-day course in 1989 and that his duties as an employee of Verizon include splicing telephone wires, and installing circuits and cables for telephone usage) are insufficient, as amatter of law, to trigger application of this standard.

Section 435(2) provides: "The actor’s conduct maybe held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor’s negligent conduct, it appears to the court highly extraordinary that it should have brought about the harm.” See §281 and comments e, f and g. Comment g states: “In determining whether such events are within the risk, the courts have been compelled of necessity to resort to hindsight rather than foresight. If an event appears to have been normal, not unusual, and closely related to the danger created by the actor’s original conduct, it is regarded as within the scope of the risk even though, strictly speaking, it would not have been expected by a reasonable man in the actor’s place.” (Emphasis added.)

This conclusion is necessarily somewhat subjective. “(W)hat is reasonably foreseeable depends in fair measure on the range of vision of particular judges. ’’Barnes v. Geiger, 15 Mass.App.Ct. 365, 367 (1983). The plaintiff may fairly argue that, in the summary judgment context, he is entitled to the use of “telephoto vision” by the judge making this assessment but, even employing this generous standard, the facts of this case are such that “there could be no reasonable difference of opinion as to the improbability of the incident which occurred.” Glide v. Prince Italian Foods of Saugus, supra, 25 Mass.App.Ct. at 901.

Absent negligence on the part of Enos, Linda Hebert’s loss of consortium claim fails as a matter of law.