Roach, Christine M., J.
This case was filed in September 2007 and is before the court on Defendant Helen Ascrizzi’s Motion to Dismiss. Plaintiffs’ son died in June 2006, as the result of a rather unusual accident involving faulty brakes, entry into the backyard of a private residence, and an encounter with a collection- of flammable and combustible chemicals allegedly stored there. In addition to bringing a wrongful death action against the owner of the truck with faulty brakes, Plaintiffs have named the Ascrizzis as additional defendants for the chemicals stored on their property. Mrs. Ascrizzi has moved to dismiss based on a lack of tort duty to the decedent, whom she argues was a trespasser on her land for purposes of the law. For the reasons discussed herein and at the hearing on April 8, 2008, Mrs. Ascrizzi’s Motion to Dismiss is GRANTED in part and DENIED in part.
Background
The facts material to the tort duty are undisputed, but nonetheless are set forth here in the light most favorable to Plaintiffs.[1] On June 19, 2006, Decedent Michael Malaquias (“Mr. Malaquias’’) was driving a dump truck owned by Defendant Borges. Mr. Malaquias was duly licensed and otherwise authorized to be operating the truck. While on a public way at the intersection of Forbes Street and Westminster Street in Worcester, the truck’s brakes gave way, and Mr. Malaquias was unable to stop or otherwise control the truck. The truck left the public way, and eventually came to rest in the yard of the Ascrizzi property at 34 Paine Street.[2] Mr. Malaquias died June 26, 2006 of sepsis from burns sustained in the accident. Count IV-VI of the Complaint plead causes of action against the Ascrizzis under the wrongful death statute for negligence, willful, wanton and reckless conduct, and conscious suffering, respectively.[3]
Discussion
The parties agree the legal issues are: 1) Decedent’s status vis-a-vis the Ascrizzi property; and 2) any resultant tort duty owed by Mrs. Ascrizzi to him. Although Plaintiffs claim some unspecified disputes of fact requiring discovery, they acknowledge the question of whether or what duty exists is a matter of law for the court. Jupin v. Kask, 447 Mass. 141, 146 (2006). Following hearing on April 8, 2008, and a thorough review of the pleadings and appropriate authority, the court rules Mr. Malaquias was a trespasser, albeit an unwilling one, thus the negligence duty does not apply, and Count IV must be dismissed. However, Count V and that portion of Count VI which alleges wanton and reckless conduct survive Rule 12(b)(6) scrutiny at this stage of the proceedings. Discovery is required with respect to, inter alia, the storage of materials in the yard, the forseeability of this type of accident in general, and Mr. Malaquias’ injuries in particular, as well as Mrs. Ascrizzi’s alleged conduct with respect to these matters.
Level of Duty
Beginning in 1973 with Mounsey v. Ellard, 363 Mass. 693 (1973), the Supreme Judicial Court has worked to clarify and update Massachusetts law with respect to a landowner’s tort duties to those who arrive upon her property. First, in Mounsey the court determined “to no longer follow the common law distinction between licensees and invitees, and, instead, create a common law duty of reasonable care which the occupier owes to all lawful visitors.” Id, at 707. “However, the forseeability of the visitor’s presence and the time, manner, place and surrounding circumstances of his entry remain relevant factors which will determine ‘in part the likelihood of injury to him, and the extent of the interest which must be sacrificed to avoid the risk of injury.’ ” Id. at 708-09.
Next, in Pridgen v. Boston Housing Authority, 364 Mass. 696, 713 (1974), the SJC took up the question of whether the common-law duly of reasonable care should apply to certain classes of trespassers. It held in the affirmative with respect to a trespasser who has become helplessly trapped on the premises, to the owner’s knowledge. Finally, in Schofield v. Merrill 386 Mass. 244, 252-54 (1982), the court expressly declined to abolish adult trespasser status, stating, “(t]he rule of law immunizing landowners from potential liability to adult trespassers still serves an important function in defining the duty owed and separating *202 the roles of judge and juiy.” In sum, “(ljandowners now owe a reasonable duty of care to all lawful visitors . . . As to trespassers, landowners continue to owe the duty only to refrain from wilful, wanton, or reckless disregard for their safety.” Ali v. City of Boston, 441 Mass. 233, 237 (2004). See also, Mulrooney v. Popko, 19 Mass.App.Ct. 917 (1984) (adult trespasser who drove her car onto private lot, then slipped and fell, owed no duty of due care).
Plaintiffs argue that Mr. Malaquias was not trespassing voluntarily, i.e. there is no allegation that he bore any intent or fault with respect to the failing brakes, or could reasonably have avoided the Ascrizzis’ property under the circumstances. But this is often the case with accidents involving out-of-control vehicles. And the court agrees with the defense that the subjective intent of the alleged trespasser cannot be controlling. Cf., Ali v. City of Boston, 441 Mass. 233 (2004) (admittedly in the context of the recreational use statute, but noting such users are owed only the standard of care applicable to trespassers, and holding that to condition such liability on the user’s subjective intent would only invite mischief and deceit).
The court rules Mr. Malaquias was a trespasser as a matter of law, and thus Defendants’ only duly to him was to refrain from wilful, wanton or reckless disregard for the safety of persons in his position.
Forseeability
The case law makes clear that it is the forseeability factor which controls the parameters of this reduced level of duty to an uninvited, unpredictable entrant onto property. Mrs. Ascrizzi argues persuasively that the nature of this particular accident, that is, “the time, manner, place and surrounding circumstances of his entry,” render it unforeseeable. Her position is supported by a focus on the most analogous case authority- — other runaway motor vehicle accidents— and the concept of “normal incidents of travel.”
Contrary to Plaintiffs assertion, Afarian v. Massachusetts Electric Company, 449, 257 (2007), is controlling authority here, and is not distinguishable simply because that driver was inebriated. First, Afarian quoted liberally from Jupin, 447 Mass. at 146, to address the guiding principles of this reduced duty, guiding principles which focus on the forseeability to the actor of the harm of which the plaintiff complains. The plaintiffs in Afarian argued that due to the proximity of a utility pole to the road, and the pole’s location in relation to the road’s curve, the pole was placed in a negligently dangerous position. The court considered myriad analytical approaches to duty, but settled on that set forth in the Restatement (Second) of Torts Section 368 (1965), which asks whether the driver was one who “foreseeably deviated] from [the public way] in the ordinary course of travel (emphasis supplied):
While a driver may deviate from a public road for many reasons — some deviations caused by lawful conduct and other deviations caused by unlawful conduct. . . driving while intoxicated does not constitute a normal incident of travel. A deviation by a drunk driver cannot reasonably be anticipated by a utility company.
While it is foreseeable that some drivers will drive in an intoxicated state, it is not foreseeable when, and exactly where, that illegality will occur.
Id., at 266, 267.
This ruling is consistent with an earlier case involving an out-of-control vehicle, and no alcohol. In Glick v. Prince Italian Foods of Saugus, 25 Mass.App.Ct. 901 (1987) (rescript), an automobile left Route 1 in Saugus, entered a restaurant parking area, and passed through multiple structural barriers to crash through the wall of the restaurant and injure patrons. The driver had lost control of his automobile due to the actions of another highway driver. The court ruled in significant part that “although negligence questions involving issues of what is reasonably foreseeable are ordinarily left to the juiy, there are instances when the judge may decide them as a matter of law, where no rational view of the evidence would warrant a finding of negligence.” The restaurant owner had no “duty [to its patrons] to construct an impenetrable barrier surrounding its restaurant to prevent errant automobiles from entering the building.” Id. at 902.
“Wilful, wanton or reckless conduct ‘involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another . . . the risk of death or grave bodily injury must be known or reasonably apparent, and the harm must be a probable consequence of the defendant’s election to run that risk or his failure reasonably to recognize it.’ ” Ali, 441 Mass. at 238-39, citation omitted. Most of Plaintiffs’ arguments in their Opposition to Defendant Ascrizzi’s Motion rely on facts not properly on record before the court. It is both impossible and inappropriate at this stage of the proceeding for the court to speculate about any risk Defendants’ yard may have posed, their level of disregard of that risk, and what, if any relationship exists as a matter of law between Defendants’ state of mind and an out-of-control truck leaving the highway and ending up in their yard. Suffice to say discovery will bear out whether Plaintiffs can meet their heightened burden of proof with respect to an adult trespasser, and summary judgment may be the test of that discovery.
For all the reasons contained herein and discussed at the hearing on April 8, 2008, Defendant’s Motion to Dismiss is ALLOWED with respect to Count IV, and DENIED with respect to CountV and so much of Count VI as pleads willful, wanton or reckless conduct.

 In opposition to the Motion, Plaintiffs submit exhibits outside the scope of the pleadings. So as not to convert this Motion to one for summary judgment at this early stage of the *203 proceedings, the court shall not consider the additional exhibits in its decision on the Motion, but only those facts of public record of which judicial notice may properly be taken pursuant to the Rules. Jarosz v. Palmer, 436 Mass. 526, 529-30 (2002).

 Although the Complaint alleges the truck struck the home itself, the instant dispute is not about a building, but rather materials allegedly stored in the yard.

 The record before the Court does not adequately explain the status of the Ascrizzis vis-á-vis one another, or the property. Mr. Ascrizzi denies in his Answer that he is an owner or a resident of the property. He did not join in Mrs. Ascrizzi’s Motion, but rather brought one of his own, pursuant to Mass.R.Civ.R 12(c).