Kenton-Walker, Janet, J.
This case was filed in September 2007 on a complaint for wrongful death and conscious suffering arising out of a dump truck accident. The action was brought against three defendants: Abilio A. Borges (“Borges”), Helen Ascrizzi (“Mrs. Ascrizzi”), and Anthony Ascrizzi (“Mr. Ascrizzi”). Borges was alleged to be the owner of the dump truck in which the decedent sustained the injuries that ultimately took his life. Mrs. Ascrizzi is the owner and occupier of 34 Paine Street, Worcester, Massachusetts, (“34 Paine Street”), the land on which the decedent sustained his injuries. Mr. Ascrizzi, who is Mrs. Ascrizzi’s son, also occupied the premises at 34 Paine Street at the time of the accident.
In June 2008, this court allowed Mrs. Ascrizzi’s Motion to Dismiss Count IV (Wrongful Death — Negligence) [24 Mass. L. Rptr. 201], denied the motion as to Count V (Wrongful Death — Gross Negligence or Malicious, Wilful, Wanton, or Reckless Conduct), and allowed Count VI (Conscious Suffering) to remain to the extent that it pleads wilful, wanton or reckless conduct. On December 4, 2009, this court allowed Borges’ motion for summary judgment on Counts I, II, and III [26 Mass. L. Rptr. 402], thereby leaving only the Ascrizzis as defendants. This matter is now before the court on the Ascrizzis’ motion for summary judgment.
Factual questions still remain as to the reasonableness or recklessness of the condition of the Ascrizzis’ backyard, the foreseeability of a burning death resulting from the state of that backyard, and what was the cause or substantial contributing factor to the burns that ultimately resulted in Mr. Malaquias’ death. For these reasons and those set forth below, the defendants’ motion for summary judgment is DENIED.

BACKGROUND

The following material facts are not in dispute. On June 19, 2006, the decedent, Michael J. Malaquias (“Mr. Malaquias”), was operating a dump truck on Forbes Street in Worcester, Massachusetts. While the truck was being loaded, the brakes failed and the truck began rolling down a hill. The truck rolled down Forbes Street, crossed Lincoln Street, hit a jeep, traveled through a parking lot, and careened over an embankment landing in the Ascrizzis’ backyard at 34 Paine Street.
The dump truck came to rest in the Ascrizzis’ backyard and a fire ensued. The backyard contained a garage, and other storage shelters,[4] which collectively housed the following potentially flammable or combustible materials: (1) three registered motorcycles with full four to five gallon gas tanks, (2) a motor scooter with up to a gallon of gasoline, (3) a Dodge Truck with sixteen to eighteen gallons of gasoline, (4) a Toyota Truck with an unknown amount of diesel fuel, (5) five gallons of waste oil, (6) a half-full acetylene tank, (7) an empty oxygen tank, (8) a tank of non-flammable argon gas, (9) a tank of non-flammable carbon *502 dioxide, (10) eighteen to twenty allegedly empty propane tanks, (11) a weed whacker with a few ounces of gasoline, (12) a propane torch with a fourteen to sixteen ounce gas tank, (13) approximately twenty-five gallons of “crisco-like” grease.
Mr. Malaquias was able to remove himself from the truck and received prompt medical attention when the emergency vehicles arrived on the scene. Several days later, Mr. Malaquias died from sepsis resulting from the burns he sustained.

DISCUSSION

I.Standard of Review

“The standard of review of a grant of summary judgment is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law.” Humphrey v. Byron, 447 Mass. 322, 325 (2006), quoting Anderson St. Assocs. v. Boston, 442 Mass. 812, 816 (2004). See Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy its burden either by submitting affirmative evidence negating an essential element of the opposing party’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of its case at trial. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991). However, “[sjummaiy judgment should not be granted merely because the facts offered by the moving party appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial” (brackets, citations and quotations omitted). Lindsay v. Romano, 427 Mass. 771, 773 (1998).

II.Wilful, Wanton or Reckless Conduct

The plaintiffs’ only remaining claims are for wrongful death and conscious suffering premised on wilful, wanton or reckless conduct. The Court’s “recent practice has been simply to refer to reckless conduct as constituting the conduct that produces liability for what the court has traditionally called wilful, wanton, or reckless conduct.” Sandler v. Commonwealth 419 Mass. 334, 335 (1995). “Reckless failure to act involves an intentional or unreasonable disregard of a risk that presents a high degree of probability that substantial harm will result to another.” Id. at 336. “The risk of death or grave bodily injuiy must be known or reasonably apparent, and the harm must be a probable consequence of the defendant’s election to run that risk or of his failure reasonably to recognize it.” Id. at 336.
In this case, it is undisputed that the defendants stored in their backyard various flammable and combustible materials.[5] Whether or not the Ascrizzis’ storage of potentially hazardous materials amounts to an unreasonable disregard of a risk of a high probability that substantial harm will result to another involves questions of fact inappropriate for summary judgment. See Boyd v. National R.R. Passenger Corp., 446 Mass. 540, 545 (2006) (“Summary judgment is seldom granted in a cause of action alleging reckless conduct”). Drawing all reasonable inferences in favor of the plaintiffs, a reasonable jury could conclude that such an unusual and extensive backyard collection was unreasonable and presented a high probability of fire or explosion. “Where a jury can draw opposite inferences from the evidence, summary judgment is improper.” Flesner, 410 Mass. at 811-12. Since the evidence is such that a reasonable jury could conclude that the storage was reckless and that grave bodily injury from fire or explosion was a probable consequence of that storage, summary judgment will not lie.

III.Foreseeability

The Ascrizzis argue that the incident at issue was unforeseeable as a matter of law. The plaintiffs respond by asserting that the type of harm that resulted was a foreseeable consequence of the Ascrizzis’ backyard storage. Alternatively, the plaintiffs also argue that the issue of foreseeability should be left to the finder of fact.
This court has described the incident in question as a “rather unusual accident” and referred to Mr. Malaquias as an “unpredictable entrant.” There can be little dispute that it was not foreseeable that a dump truck would emerge from the trees and land on top of the Ascrizzis’ backyard, which was located approximately fifty-four feet from a parking lot and one-hundred eighty-four feet from the nearest street. However, it is not the foreseeability of the specific danger that occurred, but rather the foreseeability of the type of harm that resulted from the defendant’s conduct that matters. Jupin v. Kask, 447 Mass. 141, 148-49 (reversing summary judgment on negligence count where defendant gave mentally unstable relative access to home containing firearms ultimately used to kill police officer). Reasonable foreseeability does not demand knowledge of the actual sequence of events leading up to the injuiy as long as the type of harm was a foreseeable consequence of the defendant’s reckless or negligent conduct. Id. at 149 n.8. See also Carey v. New Yorker of Worcester, Inc., 355 Mass. 450, 454 (1969) (“specific kind of harm need not be foreseeable . . .”).
The Ascrizzis cite to Afarian v. Massachusetts Electric Co., 449 Mass. 257 (2007), in which the Supreme Judicial Court adopted the Restatement (Second) of Torts, §368 (1965).[6] The Court in Afarian held that a utility company owed no duty to an intoxicated traveler who collided with a utility pole because the traveler’s intoxication was not foreseeable and rendered his deviation from the road outside “the ordinary course of travel.” As noted in the defendant’s brief, *503 §368 “has no application where the deviation [of the traveler from the highway] is one not reasonably to be anticipated” (brackets in original). Id. at 264-65. Mr. Malaquias did not come to the Ascrizzis’ backyard through the ordinary course of travel, nor was his deviation likely foreseeable. Therefore, the duty imposed by §368 of the Restatement, as adopted in Afanan, is not applicable to this case.[7] Judge Roach, in her order dated June 26, 2008, has already made that clear by dismissing the plaintiffs’ claims for negligence [24 Mass. L. Rptr. 201]. This court is no longer concerned with mere negligence, but rather the common law duly owed to a trespasser to refrain from wilful, wanton, or reckless conduct. Ali v. City of Boston, 441 Mass. 233, 237 (2004) (“As to trespassers, landowners continue to owe the duty only to refrain from wilful, wanton, or reckless disregard for their safely”).
It is not necessary that the Ascrizzis foresaw “the precise sequence of events or manner of injury.” Jupin, 447 Mass. at 149 n.8. “It is sufficient that the same general kind of harm [burning, fire, or explosion] was a foreseeable consequence of the [Ascrizzis’] risk creating conduct [unusual backyard storage] ...” Id. “To be held liable the defendant need not have foreseen the precise manner in which the injuries occurred.” Luz v. Stop & Shop, Inc. of Peabody, 348 Mass. 198, 204 (1964). Only where no view of the evidence would warrant a jury in finding that the harm was foreseeable could it be held as a matter of law that the plaintiffs cannot recover. See id. at 203-04. Whether it was reckless for the As-crizzis to maintain their backyard as they did, because a fire or an explosion was foreseeable, remains a disputed question of material fact. Viewing the evidence in the light most favorable to the plaintiff, a jury could find that explosion or fire was a foreseeable consequence of the Ascrizzis’ unusual backyard storage.[8] Summary judgment is therefore inappropriate. See Flesner, 410 Mass. at 811-12; Anderson, 477 U.S. at 248-49.

IV. Causation

The Ascrizzis argue that the plaintiffs have offered no evidence to support a finding that items on the Ascrizzi premises caused or contributed to Mr. Malaquias’ injuries. In support of this statement they direct the court to “[s]ee section III, infrci' in their brief. Section III, however, does not exist.
The summary judgment record contains ample evidence that Mr. Malaquias’ death was a result of the injuries he sustained in a fire, on the Ascrizzi property, when the dump truck he was operating crashed into their backyard. The medical records and autopsy report establish that Mr. Malaquias death was caused by complications from thermal burns. The joint statement of undisputed material facts by the Ascrizzis states that the dump truck came to rest at 34 Paine Street where “a fire ensued, resulting in injuries to Mr. Malaquias which led to his death.”
There is conflicting evidence regarding what burned and/or exploded op the premises. Witnesses state a strong smell of propane at the scene, and report a chemical burning smell not of gas or diesel origin. (Exhibits V, W.) While this evidence is not overwhelming, it is at least a toehold, and a “toehold ... is enough to survive a motion for summary judgment.” Marr Equip. Corp. v. I.T.O. Corp., 14 Mass.App.Ct. 231, 235 (1982). Moreover, “[a] court should not grant a party’s motion for summary judgment ‘merely because the facts he offers appear more plausible than those tendered in opposition, or because it appears that the adversary is unlikely to prevail at trial.’ ” Northrup v. Brigham, 63 Mass.App.Ct. 362, 365-66 (2005), quoting Attorney Gen. v. Bailey, 386 Mass. 367, 370 (1982).
Mr. Ascrizzi’s claims in his affidavit that only gasoline burned in the incident. The few ounces of gasoline in the weed whacker on the opposite boundary of the premises burned; as did the gasoline in the motor scooter in the garage; as did the gasoline in the Dodge Truck parked in front of the garage; and the gasoline in the three motorcycles in the “carport.” How this various gasoline in different areas of the yard all came to burn raises issues of causation. Further, the ether, hydraulic fluid, and nickel cadmium block batteries, which the defendants failed to mention in their list of potentially combustible items, also raise causation questions.
On this summary judgment record, it cannot be said that there is no genuine issue of material fact. To the contrary, the cause or substantial contributing factor of Mr. Malaquias’ ultimately life ending injuries is unclear, and the reasonableness and dangerousness of the Ascrizzis’ yard is in dispute.
The Ascrizzis, in concluding their brief for summary judgment, state the following; “there is no rational view of the record that warrants a conclusion that Defendants Helen or Anthony Ascrizzi could have anticipated or foreseen the type of injurious risk that occurred in this case.” “Where a moving parly properly asserts that there is no genuine issue of material fact, ‘the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.’ ” Flesner, 410 Mass. at 809, quoting Anderson, 477 U.S. at 252. Since the decedent was injured in a- fire, and a fair-minded jury could conclude that an explosion or fire may occur from the storage of three motorcycles, a motor scooter, a hydraulic lift, two trucks, waste oil, fiyolator grease, cadmium nickel block batteries, and numerous allegedly empty propane gas tanks, and that this fire was a substantial contributing factor in Mr. Malaquias’ death, summary judgment is inappropriate.

*504
ORDER

For the foregoing reasons, it is hereby ORDERED that the defendants Helen Ascrizzi and Anthony Ascrizzi’s Motion for Summary Judgment be DENIED.

These storage shelters were referred to as a “carport” and “The Joint.” The carport was a kind of lean-to for protection of motorcycles, and the joint consisted of the back half of an aluminum trailer joined together with two large metal shipping containers.

Not included in the Ascrizzis’ list of combustibles was the hydraulic fluid mentioned in Mr. Ascrizzi’s deposition, a can of ether mentioned in Deborah Rice’s deposition, and, notably, numerous large “Nickel Cadmium Block” batteries visible in the pictures of Exhibit U.

“Section 368 concerns the liability of owners or occupiers of land for artificial conditions created thereon that cause injury to travelers on a nearby highway:
’A possessor of land who creates or permits to remain thereon an excavation or other artificial condition so near an existing highway that he realizes or should realize that it involves an unreasonable risk to others accidentally brought into contact with such condition while traveling with reasonable care upon the highway, is subject to liability for physical harm thereby caused to persons who (a) are traveling on the highway ... or (b) foreseeably deviate from it in the ordinary course of travel.’ “
Afarian, 449 Mass. at 264.

Similarly, Glick v. Prince Italian Foods of Saugus, 25 Mass.App.Ct. 901 (1987), while persuasive in disposing of the negligence issue, has little bearing on the question of wilful, wanton, or reckless conduct.

The Ascrizzis assert a public policy argument stating that: “if events such as that leading to Mr. Malaquias’ injuries and death are held to be foreseeable and therefore to be guarded against, there would be no limitation on the duty of homeowners to guard against injuries to trespassers.” First, this assertion again mistakes the foreseeability of the sequence of events, which is not required, with the foreseeability of the type of harm caused by the risk creating conduct, which is required for liability. Second, sound public policy favors imposing a duty on homeowners who choose to store unusual amounts of flyolator grease, batteries, and propane tanks (empty or otherwise) in their yard, especially within city limits.